25830.   NIXDORF v. THE STATE.

Submitted June 9, 1970—Decided July 9, 1970—
Rehearing denied July 28, 1970.

*Walter M. Henritze,* for appellant.

*Lewis R. Slaton, District Attorney, Tony H. Hight, J. Melvin England,* for appellee.

Almand, Chief Justice.   This appeal is from an order denying a motion for a new trial.   The appellant, Farrell Nixdorf, was charged, under a two-count indictment, with the violation of *Code Ann.* §§ 26-2002, 26-2004 (Ga. L. 1967, p. 844).   He was found guilty on his trial before the court (by agreement without the intervention of a jury) on both counts.

Errors are enumerated on the (a) overruling of the appellant's general and special demurrers to the indictment, and (b) the overruling of his motion for new trial on the general grounds.

■   *The demurrers.*   (a)   Count No. 1 charges that the de-

fendant on February 24, 1967, "did unlawfully, in a clandestine manner, to intentionally and secretly overhear, transmit and record the private conversation of Robert J. Rostykus, and attempt to overhear, transmit and record the private conversation of Robert J. Rostykus, said conversation having originated in a private place; said acts having been done by accused installing in the office of the said Rostykus an electronic device for eavesdropping on the conversation in the office of the said Rostykus, and by installing and connecting electronic hearing devices to telephone wires connected to the telephones in the office of the said Rostykus on the twenty-fifth floor of the First National Bank Building located on the corner of Peachtree Street and Marietta Street, so as to intentionally and secretly intercept by the use of said electronic devices the contents of messages received and sent by telephone, a means of private communication; and, accused did unlawfully go on and about the premises of Pacific International, Inc., located in the said First National Bank Building, and in an unfinished room adjacent to the offices of the said corporation, for the purpose of invading the privacy of Robert J. Rostykus by eavesdropping upon his conversations; —contrary to the laws of said State, the good order, peace and dignity thereof."

The general demurrer asserts that the indictment fails to charge the commission of a crime under the laws of Georgia. It is argued that the allegations in the indictment that acts of the defendant "installing in the office of the said Rostykus an electronic device for eavesdropping on the conversation in the office of the said Rostykus" fails to show that the office of Rostykus is a private place within the statute.

Section 1 of the 1967 Act provides: "It is the public policy of this State and the purpose and intent of this Chapter to protect the citizens of this State from invasions upon their privacy. This Chapter shall be construed in light of this expressed policy and purpose. The employment of devices which would permit the clandestine overhearing, recording or transmitting of conversations or observing of activities which occur in a private place has come to be a threat to an individual's right of privacy and, therefore, should be prohibited."

Section 10 of the Act provides: "As used within this Chapter, the term 'private place' means a place where one is entitled to reasonably expect to be safe from casual or hostile intrusion or surveillance."

The allegations in the indictment are sufficient to show the office of Rostykus was a "private place" within the meaning of the statute.

(b) The second objection is that the indictment, contrary to subsection (c) of Section 1 of the 1967 Act, sets out that the device was not connected to the phone on the premises, but that the wires led to a phone which was in an empty adjacent room.

A reading of the indictment does not warrant such a conclusion. There is no merit in this ground.

■ Count No. 2 reads as follows: "that said accused, in the County of Fulton, State of Georgia, on the 24th day of February, 1969, not being law enforcement officers permitted to employ electronic eavesdropping devices, did unlawfully possess and have under their control, certain eavesdropping devices, which were as follows, to wit: 4 electronic wireless transmitting devices used to intercept and transmit telephone conversations and which are known commercially as 'Tiny Tattlers' being in plastic cases of the approximate size of 1½ inches square, and having an antenna wire protruding from one end and two wires with alligator clips protruding from the other end thereof, four portable Zenith brand radio receivers, four Aiwa Brand tape recorders, four voice actuating switches, one each of said devices being connected together as a unit."

This count reflects Section 4 of the 1967 Act, which reads as follows: "Other than law enforcement officers permitted by this Chapter to employ such devices, it shall be unlawful for any person to possess, sell, offer for sale, or distribute any eavesdropping device. An eavesdropping device shall mean any instrument or apparatus which by virtue of its size, design and method of operation has no normal or customary function or purpose other than to permit the user thereof to secretly intercept, transmit, listen to or record private conversations of others."

The indictment alleges every essential element of the offense described in Section 4 of the 1967 Act.

■ Ground 3 asserts that Section 4 of the 1967 Act is violative of the equal protection and due process clauses of the 14th Amendment to the United States Constitution in that said section is too vague, indefinite, uncertain and ambiguous to be enforceable and fails to define law enforcement officers permitted to employ such devices.

Special demurrer No. 4 charges that the words in the indictment "not being law enforcement officers permitted to employ electronic eaves dropping devices" are insufficient to charge a violation of Section 4 of the 1967 Act: "(a) Because neither Count 2 nor any portion of the indictment specifies by whom such permission to employ electronic eavesdropping devices must be obtained in order for the possession of such equipment to be not unlawful.

"(b) Because said language herein demurred to is not drawn in the language of the statute.

"(c) Because neither Count 2 nor any portion of the indictment specifies the class of law enforcement officers who are permitted by law to employ electronic eavesdropping devices."

Section 5 of the 1967 Act provides: "(a) Except only as provided in subsection (b) hereof, nothing in this Chapter shall apply to a duly constituted law enforcement officer in the performance of his official duties in ferreting out offenders or suspected offenders of the law, or in secretly watching a person suspected of violating the laws of the United States or of this State, or any subdivision thereof, for the purpose of apprehending such suspected violator.

"(b) When in the course of his official duties, a law enforcement officer desiring to make use of any device, but only as such term is specifically defined by section 26-2010, and such use would otherwise constitute a violation of Section 26-2002, such law enforcement officer shall act only in compliance with the procedure provided for hereinafter in subsections (c) through (i) inclusive."

Section 4 of the Act is not violative of the 14th Amendment to the Constitution of the United States nor subject to special ground No. 4 of the demurrer.

It was not error to overrule the demurrers, general and special, to Counts 1 and 2 of the indictment.

■ The verdict on both counts is amply supported by the evidence and it was not error to overrule the motion for a new trial.

*Judgment affirmed. All the Justices concur.*