## A00A2212. DAKER v. THE STATE.
(548 SE2d 354)

PER CURIAM.

A Fulton County grand jury indicted Waseem Daker for aggravated stalking, burglary, aggravated assault, and five counts of stalking. Daker filed a plea in bar, arguing that his prosecution is barred by his previous conviction in Cobb County for two counts of aggravated stalking. The trial court denied Daker's plea, and he appeals. For reasons that follow, we affirm.

The relevant history between Daker and his victim, Lottie Spen-

cer, is set forth in detail in this Court's opinion in *Daker v. State*.[1] Daker met Spencer either in 1993 or 1994, and, in December 1994, he began harassing her. The harassment began with telephone calls, but eventually escalated to include showing up at Spencer's home, entering Spencer's home without permission, threatening to kill both Spencer and her daughter, and attempting to force Spencer's car off the road. Spencer contacted the police, and Daker was charged with multiple offenses in both Fulton and Cobb Counties. The Fulton County offenses occurred between December 15, 1994, and September 1, 1995, and the two Cobb County offenses occurred on October 14 and 20, 1995.

Daker was first tried in Cobb County, and the jury convicted him of two counts of aggravated stalking. During the Cobb County trial, the State introduced evidence of the Fulton County offenses. In two enumerations of error, Daker contends that the State's use of this evidence to secure his Cobb County convictions bars any future prosecution in Fulton County on double jeopardy principles.

1. First, Daker asserts that his prosecution in Fulton County is barred by the double jeopardy clause of the Fifth Amendment to the United States Constitution. The Fifth Amendment provides that no person shall twice be put in jeopardy of life and limb for the same offense.[2] In determining whether prosecution is barred by double jeopardy, we employ the *Blockburger*[3] test, which provides that "successively charged offenses are separate for purposes of double jeopardy if each offense requires the State to prove some element or fact that is not required in the other."[4] Here, the charges pending against Daker in Fulton County are not barred by double jeopardy because they are based upon different events from those for which Daker was prosecuted in Cobb County.

In Cobb County, Daker was prosecuted for two stalking incidents that occurred on October 14 and 20, 1995. The stalking incidents in Fulton County are alleged to have occurred between December 15, 1994, and September 1, 1995. Thus, the two prosecutions are necessarily based upon different facts. Accordingly, Daker's prosecution in Fulton County is not barred.

The case cited by Daker, *United States v. Dixon*,[5] does not require a different result. In *Dixon*, the defendant, who had been arrested for second-degree murder, was free on bond. As a condition

---

[1] 243 Ga. App. 848 (533 SE2d 393) (2000).

[2] Although, in his motion, Daker argues that his prosecution violates the Sixth and Fourteenth Amendments of the United States Constitution, it is evident that he actually alleges a Fifth Amendment double jeopardy violation.

[3] See *Blockburger v. United States*, 284 U. S. 299 (52 SC 180, 76 LE 306) (1932).

[4] *Sword v. State*, 232 Ga. App. 497, 498 (502 SE2d 334) (1998).

[5] 509 U. S. 688 (113 SC 2849, 125 LE2d 556) (1993).

of his release, Dixon was ordered not to commit any subsequent criminal offense. Thereafter, Dixon was arrested and indicted for possession of cocaine with intent to distribute. As a result of the second arrest, Dixon was found guilty of criminal contempt for violating the order not to commit any criminal offense while free on bond. When the government attempted to try Dixon for cocaine possession, he moved to dismiss the indictment on double jeopardy grounds. The United States Supreme Court concluded that "[b]ecause Dixon's drug offense did not include any element not contained in his previous contempt offense, his subsequent prosecution violates the Double Jeopardy Clause."[6] In other words, double jeopardy applied because both offenses were based upon the same conduct. Clearly, the same reasoning does not apply in cases such as this, where the defendant is charged with different offenses based upon different events that occurred on different dates.

2. Second, Daker argues that his prosecution is barred by OCGA §§ 16-1-6 and 16-1-7, Georgia's statutory prohibitions against double jeopardy. Specifically, he argues that, because any trial in Fulton County would necessarily require relitigating the same facts that served as the bases for his convictions in Cobb County, such trial is barred by double jeopardy. We disagree.

In order to fully appreciate Daker's argument, we must first look to the language of the stalking statute. OCGA § 16-5-90 provides that a person stalks another if he follows or places another under surveillance or contacts another "for the purpose of harassing and intimidating" the other person. The term harassing or intimidating is defined as

a knowing and willful course of conduct directed at a specific person which causes emotional distress by placing such person in reasonable fear for such person's safety or the safety of a member of his or her immediate family, by establishing a pattern of harassing and intimidating behavior.[7]

Pursuant to OCGA § 16-5-91, a person commits aggravated stalking if he or she stalks another in violation of an order prohibiting such conduct.

Daker argues that, during the Cobb County trial, the State introduced evidence of the Fulton County offenses to establish the "willful course of conduct" element of the stalking. Accordingly, he asserts that the State "used up" the evidence and that his prosecution in Fulton County is barred. We disagree.

---

[6] Id. at 700.
[7] OCGA § 16-5-90 (a) (1).

As a general rule, "if the state uses up all the evidence that the defendant committed one crime in establishing another crime, the former crime is included in the latter as a matter of fact."[8] "The facts of the instant case, however, reveal that . . . separate incidents were involved, each established by proof of different facts and distinct as a matter of law."[9] Accordingly, double jeopardy is not implicated.[10]

If we were to accept Daker's argument, then it would be impossible for the State to prosecute repeat offenders of the stalking statute as, having once used the evidence to demonstrate a course of conduct, the State would be forever barred from using that evidence again in establishing a subsequent stalking violation. As stalking is, by its very nature, a cumulative crime, Daker's interpretation of double jeopardy would eviscerate the purpose of the stalking statute, leaving would-be stalkers free to begin stalking their victim with a clean slate following a stalking conviction. We cannot believe the legislature intended such result. Indeed, although this appears to be an issue of first impression in this state, other states that have addressed the issue have reached the same result.[11]

Furthermore, the result reached here does not violate the underlying principles of double jeopardy. The prohibition against double jeopardy protects individuals from "three types of abuses: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense."[12] None of these concerns is implicated here, as Daker was prosecuted for altogether different incidents in Cobb County. The fact that evidence of the Fulton County incidents was admitted during the Cobb County trial does not change the result.[13] Thus, the trial court did not err in denying Daker's plea in bar.

*Judgment affirmed. All division judges concur.*

---

[8] (Punctuation omitted.) *Chadwick v. State*, 236 Ga. App. 199, 202 (3) (511 SE2d 286) (1999).

[9] *Ramsey v. State*, 145 Ga. App. 60, 64 (10) (243 SE2d 555), rev'd on other grounds, *Ramsey v. State*, 241 Ga. 426 (246 SE2d 190) (1978).

[10] See id.; *Teal v. State*, 203 Ga. App. 440, 441-442 (1) (417 SE2d 666) (1992); cf. *Kinney v. State*, 223 Ga. App. 418, 420-421 (1) (477 SE2d 843) (1996) (double jeopardy applies when State introduces evidence of prior acts for the purpose of securing convictions for those acts).

[11] See *State v. Martino*, 61 Conn. App. 118 (762 A2d 6) (2000); *Commonwealth v. Roefaro*, 456 Pa. Super. 588 (691 A2d 472) (1997); *People v. Kelley*, 52 Cal. App.4th 568 (60 Cal. Rptr.2d 653) (1997); *State v. Jones*, 678 S2d 1336 (Fla. App. 1996); *People v. White*, 212 Mich. App. 298 (536 NW2d 876) (1995).

[12] (Punctuation omitted.) *Thompson v. State*, 229 Ga. App. 526, 527 (494 SE2d 306) (1997).

[13] See *Teal*, supra.

DECIDED MARCH 5, 2001 —
RECONSIDERATION DENIED MARCH 20, 2001 — 

*R. Gary Spencer*, for appellant.

*Paul L. Howard, Jr., District Attorney, Ashutosh S. Joshi, Anna E. Green, Assistant District Attorneys*, for appellee.