## A08A1019. TANKS v. THE STATE.
(663 SE2d 812)

BLACKBURN, Presiding Judge.

Christopher Tanks appeals the denial of his motion to dismiss an indictment which alleges he committed aggravated stalking[1] by surveilling his child's mother in violation of a protective order. Specifically, Tanks contends that the prosecution of the indictment, which followed a contempt proceeding based on the same alleged acts, violates the constitutional bar against double jeopardy. For the reasons that follow, we must vacate and remand.

Tanks asserts legal error, which we review de novo. See *Cutter v. State*.[2] The undisputed record shows that in April 2004, the Superior Court of DeKalb County entered a family violence 12-month protective order by consent, which order established certain child support, visitation, and custody rights to Tanks's and the mother's child. See

---

[10] OCGA § 19-8-10 (c).

[11] (Citation omitted.) *McKinney v. Jennings*, 246 Ga. App. 862, 863 (2) (542 SE2d 580) (2000).

[1] OCGA § 16-5-91 (a).

[2] *Cutter v. State*, 275 Ga. App. 888, 889 (1) (622 SE2d 96) (2005).

OCGA § 19-13-4 (a). The order also enjoined Tanks from, among other things, approaching within 100 yards of the mother and from following (in any manner) or surveilling (for the purpose of harassing and intimidating) the mother. In March 2005, the 12-month order was made permanent because of Tanks's repeated violations.

In March 2006, a Fulton County grand jury indicted Tanks for aggravated stalking for an alleged act of surveillance on December 24, 2005. In April 2006, the mother moved for contempt in DeKalb County based on the December 24, 2005 incident, as well as many other alleged violations.

It is undisputed that, in May 2006, a hearing was begun on the DeKalb County contempt proceeding, but the proceeding was stayed pending the outcome of the Fulton County prosecution. In September 2007, Tanks moved to dismiss the Fulton County indictment, arguing that double jeopardy prevented prosecution for the same December 24 incident at issue in the DeKalb County contempt proceeding. The Fulton County Superior Court denied the motion, giving rise to this appeal.

Tanks contends that the Fulton County prosecution is barred by constitutional protections against double jeopardy. We must agree that this is possible and therefore vacate the judgment below for further proceedings.

> The Double Jeopardy Clause of the Fifth Amendment, applicable to the States through the Fourteenth Amendment, provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." This protection encompasses not just multiple punishments by a single sovereign for the same offense, but also successive prosecutions for the same offense.

(Citation and punctuation omitted.) *Perkinson v. State*.[3]

When applying the Double Jeopardy Clause in the context of a nonsummary criminal contempt proceeding (where, as here, the contemptuous act was allegedly committed outside the presence of the court), the United States Supreme Court has stated that "[w]e think it obvious . . . that the protection of the Double Jeopardy Clause . . . attaches." (Emphasis omitted.) *United States v. Dixon*.[4] So stating, the Court held that a prosecution based on an indictment charging a defendant with simple assault was barred by a prior contempt proceeding predicated on the same act allegedly violating a protective order not to assault, or in any manner threaten or

---

[3] *Perkinson v. State*, 273 Ga. 491, 494 (1) (542 SE2d 92) (2001).
[4] *United States v. Dixon*, 509 U. S. 688, 696 (II) (113 SC 2849, 125 LE2d 556) (1993).

physically abuse the victim. Id. at 692-693 (I), 700 (III) (A). In light of this binding precedent, we conclude that nonsummary criminal contempt proceedings can trigger the Fifth Amendment's double jeopardy bar to subsequent prosecution. Cf. *Garland v. State*[5] ("[c]riminal contempt is a crime in the ordinary sense; it is a violation of the law, a public wrong which is punishable by fine or imprisonment or both") (punctuation omitted). Compare *Garland v. State of Ga.*[6] (treating *summary* criminal contempt as "not a crime within the purview of" the Double Jeopardy Clause found in the Georgia Constitution).

> In determining whether [this particular] prosecution is barred by double jeopardy, we employ the *Blockburger*[7] test, which provides that successively charged offenses are separate for purposes of double jeopardy if each offense requires the State to prove some element or fact that is not required in the other.

(Punctuation omitted.) *Daker v. State*.[8] Here, the Fulton County prosecution is based on a charge of aggravated stalking, which is defined, in relevant part, as following, placing under surveillance, or contacting a person without her consent, for the purpose of harassing and intimidating her, and in violation of a permanent protective order. See OCGA § 16-5-91 (a). As the proof of a violation of the protective order is an element of the criminal offense, a violation of the protective order is entirely included in the proof of violation of the statute (i.e., the protective order violation contains no elements not contained in the criminal offense). Further, the protective order specifically enjoined Tanks from surveilling the mother for the purpose of harassing and intimidating the mother, as also proscribed by OCGA § 16-5-91 (a). Therefore, in light of the United States Supreme Court precedent, we find that the indictment for aggravated stalking, predicated on the same act on which a prior contempt proceeding was based, is subject to the Fifth Amendment's Double Jeopardy Clause.

The record before us lacks a transcript of the suspended DeKalb County contempt proceeding; therefore, we cannot discern whether, as a *factual* matter, jeopardy attached before the prior contempt

---

[5] *Garland v. State*, 253 Ga. 789, 790 (1) (325 SE2d 131) (1985).
[6] *Garland v. State of Ga.*, 101 Ga. App. 395, 401 (5) (114 SE2d 176) (1960).
[7] *Blockburger v. United States*, 284 U. S. 299 (52 SC 180, 76 LE 306) (1932).
[8] *Daker v. State*, 248 Ga. App. 657, 658 (1) (548 SE2d 354) (2001).

proceeding was suspended. See, e.g., *State v. Aycock*[9] ("swearing of the witnesses in the prior trial caused jeopardy to attach"). Accordingly, we vacate the judgment of the Fulton County Superior Court and remand for further proceedings consistent with the holdings herein.

Tanks's remaining enumeration is moot.

*Judgment vacated and case remanded. Miller and Ellington, JJ., concur.*

DECIDED JUNE 24, 2008.

*Kindel C. Johnson*, for appellant.

*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Assistant District Attorney*, for appellee.

---

[9] *State v. Aycock*, 283 Ga. App. 876 (643 SE2d 249) (2007).