### A09A2388. THE STATE v. MCDOWELL.

(688 SE2d 417)

PHIPPS, Judge.

Charles McDowell filed a general demurrer against an indictment charging him with three counts of child molestation. After a hearing, the trial court granted the demurrer. Because this ruling was error,[1] we reverse.

The relevant Code section, OCGA § 16-6-4, states in pertinent part: "A person commits the offense of child molestation when such person . . . [d]oes any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person."[2] Tracking the statutory language, each of the three counts against McDowell alleged, in pertinent part, that McDowell "did commit an immoral act in the presence of a child, to wit: [A. M.], a child under the age of 16 years, with the intent to arouse and satisfy the sexual desires of said accused by fondling his own penis in the presence of

---

[24] *McKesson HBOC v. Adler*, 254 Ga. App. 500, 504 (1) (562 SE2d 809) (2002).

[25] *Amaechi v. Somsino*, 259 Ga. App. 346, 347 (577 SE2d 48) (2003).

[1] See *Tanks v. State*, 292 Ga. App. 177 (663 SE2d 812) (2008) (where legal error is asserted, review is de novo); *Summers v. State*, 263 Ga. App. 338 (587 SE2d 768) (2003) (where the evidence is uncontroverted and witness credibility is not an issue, review of the trial court's application of the law to the undisputed facts is de novo).

[2] OCGA § 16-6-4 (a) (1).

[A. S., A. L., and I. R.]."[3] "Since the indictment set out all the essential elements of the crime and [McDowell] could not admit to those allegations without being guilty of a crime, the indictment was sufficient against a general demurrer."[4]

McDowell failed to show otherwise. At the hearing, McDowell argued that the indictment implied that A. S., A. L., and I. R. were the alleged child molestation victims, yet they were all women.[5] He also asserted that the child identified in the indictment, A. M., was too young to have had any understanding of his alleged acts. McDowell pointed out that the front page of the indictment listed the three women as witnesses and further claimed as significant that this list included neither the child nor the child's mother. In addition, McDowell asserted that the summoned police officer did not charge him at the scene with the crime of child molestation.

Nothing in McDowell's attacks, nor anything in *Stroeining v. State*,[6] cited by McDowell, authorized the trial court to grant the general demurrer.[7]

*Judgment reversed. Smith, P. J., and Bernes, J., concur.*

DECIDED DECEMBER 17, 2009.

*J. David Miller, District Attorney, Laura A. Wood, Assistant District Attorney*, for appellant.

---

[3] More specifically, each of the three counts alleged an incident committed in the presence of the child, A. M.; Count 1 alleged further that such an incident occurred in the presence of A. S.; Count 2 alleged further that such an incident had occurred in the presence of A. L.; and Count 3 alleged further that such an incident had occurred in the presence of I. R.

[4] *Roberts v. State*, 282 Ga. 548, 549 (4) (651 SE2d 689) (2007) (citation omitted); see *State v. Eubanks*, 239 Ga. 483, 485 (238 SE2d 38) (1977) (instructing that the true test of the sufficiency of an indictment to withstand a general demurrer is found in the answer to the question whether the defendant can admit the charge as made and still be innocent; if he can, the indictment is fatally defective, and the sufficiency of the indictment can be questioned by general demurrer).

[5] The state responded that "the secondary language of in the presence of [A. S.] is done as a distinction, a way to distinguish the three separate and distinct acts that Mr. McDowell did. It is not that those people are named as the victims. The victim is the child. She is clearly identified as a child, to wit, [A. M.]."

[6] 226 Ga. App. 410, 412 (3) (486 SE2d 898) (1997) (physical precedent only); see Court of Appeals Rule 33.

[7] See *Roberts*, supra; *Eubanks*, supra; *State v. Givens*, 211 Ga. App. 71, 72 (438 SE2d 387) (1993) (a demurrer may properly attack only defects which appear on the face of indictment; a demurrer which seeks to add facts not so apparent but supply extrinsic matters must fail as a speaking demurrer). See generally *Grimsley v. State*, 233 Ga. App. 781, 784 (1) (505 SE2d 522) (1998) (rejecting appellant's challenge to sufficiency of evidence regarding whether he had the requisite intent to commit child molestation, where appellant had openly engaged in sexual activity with his wife at his home in the presence of children).

*Terry & Peterman, Jody D. Peterman*, for appellee.