**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 13, 2015**

# In the Court of Appeals of Georgia

A15A0653. THE STATE v. WRIGHT.

MCFADDEN, Judge.

The state appeals from the trial court's grant of a general demurrer against an indictment's count alleging that Tommy Lugene Wright committed the offense of possession of a controlled substance in violation of OCGA § 16-13-30 (a). We affirm, because the indictment does not identify a substance listed as a controlled substance under the statute.

"A general demurrer challenges the sufficiency of the substance of the indictment[.]" *Bryant v. State*, 320 Ga. App. 838, 841 (3) (740 SE2d 772) (2013) (citation omitted). "An indictment shall be deemed sufficiently technical and correct to withstand a general demurrer if it 'states the offense in the terms and language of this Code or so plainly that the nature of the offense charged may easily be

understood by the jury.'" *State v. Corhen*, 306 Ga. App. 495, 497 (700 SE2d 912) (2010) (quoting OCGA § 17-7-54 (a)).

> [I]f an accused would be guilty of the crime charged if the facts as alleged in the indictment are taken as true, then the indictment is sufficient to withstand a general demurrer; however, if an accused can admit to all of the facts charged in the indictment and still be innocent of a crime, the indictment is insufficient and is subject to a general demurrer.

Id. (citation omitted). This presents a question of law that we review de novo. *State v. McDowell*, 301 Ga. App. 751 (688 SE2d 417) (2009).

The indictment in this case alleged that Wright "unlawfully possess[ed] and [had] under [his] control 3, 4-methylenedioxy-N-ethylcathinone (ethylone), a substituted 2-aminopropan-1-one, a Schedule 1 controlled substance, in violation of OCGA § 16-13-30 (a)[.]" This description of the substance is not sufficient to show that it is a controlled substance within the meaning of the statute. Cf. *Nixdorf v. State*, 226 Ga. 615, 617 (1) (a) (176 SE2d 701) (1970) (considering, in ruling on demurrer, whether allegations in indictment were sufficient to show defendant's office was "private place" within meaning of statute establishing offense of eavesdropping). The substance "3, 4-methylenedioxy-N-ethylcathinone (ethylone)" does not appear by

2

name within the statutory list of Schedule 1 controlled substances. See OCGA § 16-13-25. The state argues that the phrase "a substituted 2-aminopropan-1-one" indicates that the substance falls under OCGA § 16-13-25 (12) (L), which in pertinent part identifies as a Schedule 1 controlled substance "[a]ny compound . . . structurally derived from 2-aminopropan-1-one by substitution at the 1-position with either phenyl, naphthyl, or thiophene ring systems[.]" But the indictment's language does not clearly refer to a substance under OCGA § 16-13-25 (12) (L). Its use of the term "substituted" is ambiguous and could be construed to include compounds that do not match the precise definition of the statute and, thus, are not controlled substances. So construed, the indictment would not charge a crime. See generally *Tibbs v. State*, 211 Ga. App. 250, 251 (1) (438 SE2d 706) (1993) (indictment that alleged defendant had violated statute pertaining to "dangerous drugs" but identified substances that were not "dangerous drugs" but rather "controlled substances" failed to state any crime and would have been subject to demurrer had defendant timely filed such demurrer).

"An indictment is to be strictly construed against the state when a demurrer has been filed against it." Jack Goger, Daniel's Ga. Criminal Trial Practice, § 13-4 (2014-2015 ed.) (citations omitted). Because this indictment can be construed such that Wright would not be guilty of the crime of possession of a controlled substance if the

3

facts as alleged in the indictment were taken as true, we find no error in the trial court's grant of the general demurrer to Wright on that count.

*Judgment affirmed. Ellington, P. J., concurs; Dillard, J., concurs in the judgement only*.