## 77496. SAMUEL v. THE STATE.
### (379 SE2d 571)

POPE, Judge.

This interlocutory appeal comes from the trial court's denial of appellant's motion to dismiss the indictment. Appellant argues that the indictment violates double jeopardy as well as OCGA §§ 16-1-7 (b) and 16-1-8 (b) (1). In February 1986, appellant was convicted of trafficking in cocaine after a bench trial at which he stipulated the evidence against him. That conviction was affirmed in *Samuel v. State*, 181 Ga. App. XXIX (Case No. 73315, unpublished opinion) (1986). This conviction was vacated later on a petition for habeas corpus upon the authority of *Robinson v. State*, 256 Ga. 564 (350 SE2d 464) (1986). Appellant was then indicted in the present case for trafficking in cocaine by being in possession of more than 400 grams of cocaine.

1. The parties stipulated below that the cocaine involved in the present prosecution is the same 518 grams involved in the earlier indictment and conviction. The original indictment tracked the old language of OCGA § 16-13-31(a) charging appellant with trafficking in cocaine by being in actual possession of more than 400 grams of a mixture containing cocaine. In *Robinson*, supra, the Supreme Court held that when the legislature, after indictment but before trial and conviction changed the law and deleted the mixture language without including a saving clause in the repeal of the old law, a subsequent conviction based on the mixture language was invalid. Appellant's conviction fell into this category and thus was vacated. The indictment in the present case is again for trafficking, but charges that appellant actually possessed more than 400 grams of cocaine (not a mixture containing cocaine).

Appellant's argument that the second indictment constitutes double jeopardy must fail. "The general rule is that retrial of the defendant is not barred where reversal of the conviction results from trial error rather than evidentiary insufficiency." *Williams v. State*, 258 Ga. 305, 311 (369 SE2d 232) (1988). Reversal based upon a faulty or flawed indictment is a reversal based upon "trial error." *Burks v. United States*, 437 U. S. 1, 13-14 (98 SC 2141, 57 LE2d 1) (1978). The court in *Burks* recognized that retrial of a defendant whose conviction has been set aside for error in the proceedings is not only proper and not violative of double jeopardy principles, but also that this has long been part of our law. *Burks* at 14.

2. Nor is appellant's retrial prohibited by the statutory prohibitions against multiple prosecutions found in OCGA §§ 16-1-7 and 16-1-8. OCGA § 16-1-8 (d) (2) specifically permits retrial where a conviction is set aside on appeal for reasons other than the sufficiency of the evidence. See generally *Price v. State*, 187 Ga. App. 239 (370 SE2d 6) (1988).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 21, 1989 —
REHEARING DENIED MARCH 1, 1989 — 

*Herbert Shafer*, for appellant.

*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellee.