## A89A1147. BASSETT v. THE STATE.
### (384 SE2d 402)

BANKE, Presiding Judge.

The appellant was indicted on June 14, 1985, for trafficking in cocaine, based on allegations that, on June 6, 1985, he "did knowingly bring into this state and [was] knowingly in actual possession of more than 400 grams of a mixture containing cocaine." He was tried before a jury on that charge and was found guilty. That conviction was affirmed on appeal, see *Bassett v. State,* 181 Ga. App. 597 (353 SE2d 48) (1987) (cert. den.), but was ultimately vacated in habeas corpus proceedings on the ground that the definition of cocaine trafficking, as set forth in OCGA § 16-13-31, had been amended between the time of the appellant's indictment and the time of his trial to substitute for the words, "any mixture containing cocaine," the words "any mixture with a purity of 10 percent or more of cocaine," see Ga. L. 1985, pp. 552, 553, with the result that the offense for which the appellant had

been indicted and tried no longer existed. *Bassett v. Lemacks*, 258 Ga. 367 (370 SE2d 146) (1988).

Subsequent to the Supreme Court's decision in *Bassett v. Lemacks*, supra, the appellant was re-indicted and again convicted of trafficking in cocaine, this time based on allegations that, on June 6, 1985, he "did knowingly bring into this state and [was] knowingly in actual possession of more than 200 grams of cocaine." He contends in the present appeal that this conviction was unconstitutional because it was for an offense which did not exist at the time the conduct in question occurred and because it was obtained in violation of the constitutional and statutory prohibitions against multiple prosecutions for the same conduct. *Held*:

1. The appellant's contention that he was convicted of an offense which did not exist at the time it was allegedly committed is without merit. The act of knowingly bringing into the state or knowingly being in possession of more than 200 grams of cocaine constituted the offense of trafficking in cocaine both before and after the 1985 amendment to OCGA § 16-13-31 (a). Accord *Seals v. Lemacks*, 258 Ga. 421 (370 SE2d 749) (1988). Indeed, the Supreme Court specifically indicated in *Bassett v. Lemacks*, supra, that because the appellant "had 'actual possession of more than 28 grams of cocaine,'" his conviction would have been valid notwithstanding the change in the statute had the indictment been worded differently. Id. 258 Ga. at 370.

2. We similarly find no merit in the appellant's contentions that his present conviction was obtained in violation of the constitutional and statutory prohibitions against multiple prosecutions for the same conduct. See *Samuel v. State*, 190 Ga. App. 539 (379 SE2d 571) (1989).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JUNE 22, 1989 —
REHEARING DENIED JULY 13, 1989 — ▮▮▮▮▮▮▮

*Gaines C. Granade*, for appellant.
*Robert E. Keller*, District Attorney, *Clifford A. Sticher*, Assistant District Attorney, for appellee.