A89A2219. THE STATE v. HOWELL.

(391 SE2d 415)

CARLEY, Chief Judge.

Appellee was brought to trial on an accusation which alleged, in relevant part, that he "did give his name as being Mark Ryan, a false name[,] to William Jones[,] a law enforcement officer in the lawful discharge of his official duties[,] . . . in violation of OCGA Section 16-10-25." The jury found appellee guilty and the trial court entered a judgment of conviction and sentence on the guilty verdict. Appellee then filed a motion in arrest of judgment on the ground that the accusation had failed to allege that he had given a false name to the law enforcement officer with the specific intent of misleading the officer. The trial court granted appellee's motion in arrest of judgment and the State appeals.

"[I]t is an elementary rule of criminal procedure that an indictment should contain a complete description of the offense charged, and that there can be no conviction unless every essential element thereof is both alleged in the indictment and proved by the evidence. [Cit.]" *Martin v. State*, 96 Ga. App. 557, 558 (1) (100 SE2d 645) (1957). To constitute a crime, giving a false name to a law enforcement officer must be accompanied by the specific intent to mislead the officer. The accusation upon which appellee was tried did not expressly allege that appellee had given a false name to the law enforcement officer with that specific intent. The accusation did, however, expressly allege that appellee had given a false name to the law en-

forcement officer "in violation of OCGA Section 16-10-25." Compare *Ponder v. State*, 121 Ga. App. 788 (175 SE2d 55) (1970); *Hilliard v. State*, 87 Ga. App. 769 (75 SE2d 173) (1953); *Rambo v. State*, 25 Ga. App. 390 (103 SE 494) (1920). Thus, the accusation in effect incorporated the terms of the applicable code section that appellee was charged with having violated. Appellee could *not* admit the allegation that his acts were "in violation of OCGA Section 16-10-25," and yet not be guilty of the offense of giving a false name to a law enforcement officer. Compare *Hilliard v. State*, supra; *Dukes v. State*, 9 Ga. App. 537 (71 SE 921) (1911).

"'An indictment *substantially* in the language of the Code is sufficient in form and substance.' [Cit.]" (Emphasis supplied.) *Wages v. State*, 165 Ga. App. 587, 588 (2) (302 SE2d 112) (1983). Considering the factual allegations and the specific incorporation by reference of OCGA § 16-10-25, appellee cannot be heard to contend that he was not sufficiently apprised of the elements of the offense he was charged with having committed, even though the element of the specific intent to mislead the officer was not *otherwise* expressly alleged. See *Rowles v. State*, 143 Ga. App. 553, 554 (1b) (239 SE2d 164) (1977). "[W]here the indictment alleges an 'offense,' and names and describes the offense in terms of the penal statute, and alleges that the act was 'unlawfully' committed, and that it was 'contrary to the laws' of the State, and employs language from which it must necessarily be inferred that the criminal intent existed, it is not void because it fails to *expressly* allege the criminal intent. [Cits.]" (Emphasis in original.) *York v. State*, 42 Ga. App. 453, 461 (1) (156 SE 733) (1931). The trial court erred in granting appellee's motion in arrest of judgment.

*Judgment reversed. McMurray, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 5, 1990 —
REHEARING DENIED FEBRUARY 21, 1990.

Ken Stula, *Solicitor*, Kip Shepherd, *Assistant Solicitor*, for appellant.

*James W. Smith*, for appellee.

