### A94A1698. MCINTYRE et al. v. POPE et al.
(451 SE2d 110)

RUFFIN, Judge.

Appellants, Christine and Wayne Mcintyre, brought this medical malpractice action against appellees, Pope and Geltz. Pursuant to Uniform Superior Court Rule 13.1, the trial court limited closing argument at trial to one hour per side. The jury returned a verdict in favor of Pope and Geltz.

In their sole enumeration of error, the Mcintyres contend the trial court erred in limiting closing arguments to one hour because OCGA § 9-10-180 provides each side shall have two hours for closing argument. Specifically, they argue Uniform Superior Court Rule 13.1 ("the Rule") conflicts with OCGA § 9-10-180, and the Rule must therefore yield to the statute. See preamble to the Uniform Superior Court Rules and *Wyse v. Potamkin Chrysler-Plymouth,* 189 Ga. App. 64, 65 (1) (374 SE2d 785) (1988).

We do not agree that the Rule and statute conflict in this case for the reasons which follow. OCGA § 9-10-180 limits the amount of time for argument in civil cases to two hours per side. Uniform Superior Court Rule 13.1 (D) also limits argument, but the limitation prescribed in the Rule is one hour per side. However, Uniform Superior Court Rule 13.2 allows a party to extend this time period if, prior to argument, counsel applies to the court for an extension of time.

In *Carter v. State,* 263 Ga. 401 (435 SE2d 42) (1993), our Supreme Court examined a variation on this issue and upheld the Uniform Superior Court Rule. In *Carter,* the appellant in a criminal case objected to the trial court allowing the State's closing argument to extend beyond the one-hour time limit prescribed in Rule 13.1. The State had not requested additional time under Rule 13.2. In its opinion, the Court specifically referred to OCGA § 17-8-73 which allows two hours for argument in capital cases. Id. at 402. Despite its cognizance of the statute, the Court upheld Rule 13.1. "Here, counsel for the State made no pre-argument request for additional time. Thus, the trial court would have been authorized to deny counsel for the State the opportunity to finish his closing argument." Id. Hence, the

Supreme Court must have found no conflict between the Rule and the statute. See also *Dallas Blue Haven Pools v. Taslimi*, 180 Ga. App. 734, 736-737 (350 SE2d 265) (1986), aff'd 256 Ga. 739 (354 SE2d 160) (1987) (the Georgia Supreme Court was aware of the Georgia Code when it issued the Uniform Rules and must have found no inconsistency between the rule in question and the statute).

We similarly find no conflict between Rule 13.1 and OCGA § 9-10-180 in this case. Here, the Mcintyres' counsel made no request for additional time. We are unable to say that had counsel requested extra time prior to argument, the court would not have granted the request, thereby eliminating any potential conflict between the Rule and the' statute.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED NOVEMBER 23, 1994 —
RECONSIDERATION DENIED DECEMBER 13, 1994 —

*Wayne B. Kendall,* for appellants.
*Long, Weinberg, Ansley & Wheeler, Robert G. Tanner,* for appellees.