## S03A0691. MARTIN v. THE STATE.
### (587 SE2d 650)

FLETCHER, Chief Justice.

James Martin appeals from his convictions for felony murder and possession of a knife during the commission of a crime.[1] Martin claims that the trial court erred in admitting his statements to police and other evidence obtained before he was read his *Miranda* rights.[2] Because this evidence was properly admitted under the "public safety" exception to *Miranda*, we affirm.

1. The evidence at trial showed that at around 1:00 a.m. on December 9, 2000, Martin was at the house of his neighbor, Deneen Johnson, drinking brandy and smoking crack cocaine. The victim, Christopher Allen, showed up about two hours later and got into an argument and fist-fight with Martin over a debt. After Johnson and her brother broke up the fight, Johnson told Martin to leave. Martin went to his house, got a knife, returned to Johnson's house, and attacked Allen. Allen died of stab wounds.

After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Martin was guilty of the crimes for which he was convicted.[3]

2. Martin contends that statements he made concerning the location of the knife and the knife itself should have been excluded from evidence because he had not received his *Miranda* warnings at the time the statements were made. The evidence at the *Jackson-Denno*[4] hearing showed that, shortly after the crime occurred, a police officer received a broadcast describing the crime, naming Martin as the suspect, and giving his address. The officer arrived at the address as Martin was walking out of the door. The officer asked Martin where the knife was. Martin led him inside the house to his bedroom and said that the knife was under the pillow on his bed. The officer recovered the knife, placed Martin in his patrol car, and read him his *Miranda* rights.

As a general rule, *Miranda* prohibits the interrogation of sus-

---

[1] The crimes occurred on December 9, 2000. On May 1, 2001, Martin was indicted for malice murder, felony murder, and possession of a knife during the commission of a crime. On July 17, 2001, a Muscogee County jury convicted Martin on the felony murder and possession charges. He was sentenced to life in prison for the felony murder and to five consecutive years for the possession. Martin filed a timely motion for new trial on August 16, 2001. He amended his motion for new trial on July 31, 2002, which was denied on August 2, 2002. Martin filed his timely notice of appeal on August 9, 2002. This case was docketed in this Court on January 23, 2003, and submitted on the briefs on March 17, 2003.

[2] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

pects in police custody until they are informed of their rights.[5] In *New York v. Quarles*,[6] however, the United States Supreme Court created a "public safety" exception to *Miranda*. This exception allows an officer to ascertain whether a suspect is armed prior to advising him of his rights.[7] Because the officer was entitled to determine the location of the knife prior to reading Martin his *Miranda* rights, the trial court did not err in admitting Martin's statements and the knife into evidence.

3. Martin claims that his indictment for felony murder was defective because it did not allege the underlying felony with sufficient particularity. Because Martin did not file a special demurrer before pleading not guilty to the indictment, he waived this objection.[8]

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 20, 2003.

*Edwin L. Albright, William J. Mason*, for appellant.
*J. Gray Conger, District Attorney, Michele C. Ivey, Stacey S. Jackson, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Jennifer S. Gill, Assistant Attorney General*, for appellee.

---

[5] *Miranda*, 384 U. S. 436.

[6] 467 U. S. 649 (104 SC 2626, 81 LE2d 550) (1984).

[7] See *Smith v. State*, 264 Ga. 857, 859 (452 SE2d 494) (1995) (officer's question regarding location of a gun was not an interrogation requiring *Miranda* warnings but an attempt to determine whether defendant was armed).

[8] See *Totten v. State*, 276 Ga. 199, 201 (577 SE2d 272) (2003); *State v. Eubanks*, 239 Ga. 483, 486 (238 SE2d 38) (1977).