A06A1795. PALMER v. THE STATE.
(638 SE2d 797)

JOHNSON, Presiding Judge.

A grand jury indicted Stacy Palmer for 24 counts of sexual exploitation of children on January 25, 2006. Palmer was arraigned on February 16, 2006, and entered a plea of not guilty. On February 27, 2006, Palmer filed general and special demurrers to the indictment. The trial court issued an order denying the general demurrers, but dismissed the special demurrers as untimely. We granted Palmer's application for interlocutory review to determine whether the trial court properly dismissed Palmer's special demurrers. Finding no error, we affirm the trial court's order.

It is well established that a special demurrer, which objects to the form of the indictment, must be made prior to pleading not guilty to the indictment:

> A general demurrer, in which a defendant contends that the charging instrument fails altogether to charge him with a crime, may be raised at any time. . . . A special demurrer, on

the other hand, objects to the form of the indictment or seeks more information and must be raised before pleading to the indictment or it is waived.[1]

The Supreme Court of Georgia addressed this issue as recently as March 2005, holding that the defendant's "failure to file his special demurrer seeking additional information before pleading not guilty to the indictment constitutes a waiver of his right to be tried on a perfect indictment."[2] These cases reaffirmed the Supreme Court's long-standing principle.[3]

Palmer argues that the trial court erred in dismissing his special demurrers because OCGA § 17-7-110, which became effective on May 14, 2003, provides that all pretrial motions, including demurrers and special pleas, "shall be filed within ten days after the date of arraignment, unless the time for filing is extended by the court." He urges us to disregard Supreme Court precedent and hold that OCGA § 17-7-110 mandates that all demurrers, general and special, may be filed up to ten days after the date of arraignment. We decline to adopt this argument.

In issuing its rulings after the enactment of OCGA § 17-7-110, the Supreme Court of Georgia must have found no conflict between its previous rule regarding special demurrer filings and the statute.[4] However, even if, as Palmer argues, the Supreme Court incorrectly interpreted OCGA § 17-7-110, the trial court and the Court of Appeals are, of course, "constitutionally bound by the decisions of our own Supreme Court."[5] We must follow the holdings of our Supreme Court and apply its construction of the applicable statutes to the case at hand.[6] Until such time as the Supreme Court changes its holdings, we have no choice but to apply the precedent set by the Supreme Court to the case before us.[7] As such, the trial court did not err in dismissing Palmer's special demurrer as untimely filed.

---

[1] *Nye v. State*, 279 Ga. App. 347, 348-349 (1) (631 SE2d 386) (2006) (defendant's failure to challenge the indictment before entering his plea constitutes a waiver of his right to be tried on a perfect indictment); see also *Croft v. State*, 278 Ga. App. 107, 109-110 (3) (628 SE2d 144) (2006).

[2] *Stinson v. State*, 279 Ga. 177, 180 (2) (611 SE2d 52) (2005); see also *Mason v. State*, 279 Ga. 636, 640, n. 6 (619 SE2d 621) (2005) (challenges to the form of an indictment must be made by special demurrer before pleading to the indictment).

[3] See *Smith v. State*, 277 Ga. 213, 214 (2) (a) (586 SE2d 639) (2003); *Martin v. State*, 277 Ga. 227, 228 (3) (587 SE2d 650) (2003); *Iona v. State*, 260 Ga. 83, 84 (2) (389 SE2d 754) (1990).

[4] See *Mcintyre v. Pope*, 215 Ga. App. 600, 601 (451 SE2d 110) (1994).

[5] (Punctuation omitted.) *Nat. Health Network v. Fulton County*, 228 Ga. App. 584, 587 (2) (492 SE2d 333) (1997), rev'd on other grounds, 270 Ga. 724 (514 SE2d 422) (1999); *Mingo v. State*, 133 Ga. App. 385, 388 (210 SE2d 835) (1974); Ga. Const. of 1983, Art. VI, Sec. VI, Par. VI.

[6] See *Jones v. Wellon*, 237 Ga. App. 62, 65 (514 SE2d 880) (1999).

[7] Id. at 66.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

Decided November 9, 2006 — 

*Healy & Svoren, Timothy P. Healy, Nina M. Svoren,* for appellant.
*Michael H. Crawford, District Attorney, Richard K. Bridgeman, Assistant District Attorney,* for appellee.