S07G0454. PALMER v. THE STATE.
(651 SE2d 86)

SEARS, Chief Justice.

In 2003, the General Assembly enacted the statute presently codified at OCGA § 17-7-110,[1] thereby changing the judicially established deadline for the filing of special demurrers from arraignment to ten days after arraignment. Three years later, a Stephens County grand jury indicted Stacy Palmer on 24 counts of sexual exploitation of children. Although Palmer filed his special demurrers challenging the indictment within ten days after his arraignment, the trial court dismissed the demurrers as untimely because they were not filed prior to arraignment. The trial court certified its order for immediate review, and the Court of Appeals granted Palmer's discretionary application for interlocutory appeal. The Court of Appeals affirmed the trial court's judgment based on what it viewed as the implications of two decisions from this Court issued after the effective date of the new statute.[2]

We granted Palmer's petition for writ of certiorari and directed the parties to address the following question:

---

[1] Ga. Laws 2003, p. 154, § 2.

[2] *Palmer v. State*, 282 Ga. App. 366 (638 SE2d 797) (2006).

Whether a special demurrer filed within ten days after the date of arraignment can properly be dismissed as untimely under OCGA § 17-7-110, as amended in 2003? But see *Stinson v. State*, 279 Ga. 1[7]7 (2) [(611 SE2d 52)] (2005); *Mason v. State*, 279 Ga. 636 n. 6 [(619 SE2d 621)] (2005).

As explained below, the plain language of the new statute gave Palmer ten days following his arraignment in which to file his special demurrers, and the Court of Appeals erred in interpreting the decisions in *Mason* and *Stinson* as having effectively abrogated OCGA § 17-7-110 sub silentio. Accordingly, we now reverse.

The General Assembly adopted the statute currently codified at OCGA § 17-7-110 in 2003. It provides that "[a]ll pretrial motions, including demurrers and special pleas, shall be filed within ten days after the date of arraignment, unless the time for filing is extended by the court." Even though Palmer filed his special demurrers "within ten days after the date of arraignment," the trial court nevertheless dismissed them as untimely based on the Court of Appeals' decision in *Dowdell v. State*.[3] In *Dowdell*, the Court of Appeals stated in passing that "[a] special demurrer . . . must be raised before pleading to the indictment," a proposition it extracted from this Court's decision in *State v. Eubanks*.[4] Obviously, the opinion in *Eubanks* did not mention the new OCGA § 17-7-110, which did not exist until 2003. However, neither does the opinion in *Dowdell*. Moreover, it is unclear from the *Dowdell* decision whether the defendant in that case was arraigned before or after the effective date of the new statute.

In its review of the trial court's judgment here, the Court of Appeals recognized the direct conflict between the plain language of the new OCGA § 17-7-110 and the "long-standing principle" recognized in the opinions of this Court that failure to file a special demurrer prior to arraignment constitutes a waiver of the right to be tried on a perfect indictment, thereby defeating a special demurrer. The Court of Appeals concluded that it had no choice but to follow this Court's precedents and cited in particular two cases decided after the effective date of the new statute that reiterated the old rule. The Court of Appeals reasoned that in issuing the decisions in *Mason* and *Stinson* after the effective date of the new OCGA § 17-7-110, "the Supreme Court of Georgia must have found no conflict between its previous rule regarding special demurrer filings and the statute."

---

[3] 278 Ga. App. 142 (628 SE2d 226) (2006).
[4] 239 Ga. 483 (238 SE2d 38) (1977).

The Court of Appeals correctly noted that "the trial court and the Court of Appeals are, of course 'constitutionally bound by the decisions of our own Supreme Court.' [Cits.]" However, on this occasion, the Court of Appeals read too much into our prior opinions and unduly restricted its ability to give effect to the new statute. It is true that *Mason* and *Stinson* were decided after the effective date of the new OCGA § 17-7-110. However, the statute was not raised as an issue in either *Mason* or *Stinson*, perhaps because, in both cases, the defendants were arraigned and convicted long before the statute went into effect, and it therefore had no application to their cases.[5] It is axiomatic that the decisions of this Court do not stand for points that were neither raised by the parties nor actually decided in the resulting opinion, and that "[q]uestions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents."[6] Thus, the Court of Appeals erred in construing our prior decisions as barring it from giving effect to the plain meaning of the new statute.

OCGA § 17-7-110 states clearly that all pretrial motions, including special demurrers, must be filed within ten days after arraignment. Thus, the General Assembly has rejected the former, judicially created rule that required special demurrers to be filed prior to arraignment in favor of a new rule that sets a uniform deadline for the filing of all pretrial motions in criminal cases. Palmer met the statutory deadline, and the trial court therefore erred in dismissing his special demurrers as untimely.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 24, 2007.

*Healy & Svoren, Timothy P. Svoren, Nina M. Svoren*, for appellant.

*Michael H. Crawford, District Attorney, Richard K. Bridgeman, Assistant District Attorney*, for appellee.

---

[5] *Mason*, supra at 636, n. 2; *Stinson*, supra at 177, n. 1.

[6] *Albany Fed. Sav. & Loan Assn. v. Henderson*, 198 Ga. 116, 134 (31 SE2d 20) (1944) (quoting *Webster v. Fall*, 266 U. S. 507, 511 (45 SC 148, 69 LE 411) (1925)). Cf. *Staats v. McKinnon*, 206 SW3d 532, 550, n. 41 (Tenn. Ct. App. 2006).