A08A0965. THE STATE v. SHABAZZ.

(662 SE2d 828)

ELLINGTON, Judge.

The State Court of DeKalb County sustained the demurrer filed by Yasmin Shabazz during the trial on an accusation charging Shabazz with violating OCGA §§ 40-6-20 (failure to obey a traffic control device) and 40-6-71 (failure to yield the right of way while turning left). The State appeals pursuant to OCGA § 5-7-1 (a) (1), contending that the trial court erred in concluding that the accusation was fatally defective. For the reasons that follow, we reverse.

1. As an initial matter, we address the issue of whether the State's appeal is authorized under OCGA § 5-7-1 (a) (1). Shabazz contends that, although the order purported to sustain Shabazz's demurrer, the true import of the order was to enter a directed verdict of acquittal based on the State's failure to adduce evidence sufficient to find Shabazz guilty beyond a reasonable doubt of the traffic violations charged, failure to obey a traffic control device and failure to yield the right of way while turning left. Because the State may not appeal an order directing a verdict of acquittal based on an insufficiency of the evidence to support a criminal conviction,[1] Shabazz contends that the State's appeal must be dismissed.

While the hearing transcript shows that the trial court considered granting Shabazz's motion for a directed verdict, the court's ultimate ruling was limited to sustaining the demurrer and, in effect, dismissing the accusation because of how it was worded. Under OCGA § 5-7-1 (a) (1), "[a]n appeal may be taken by and on behalf of the State of Georgia from the . . . state courts . . . in criminal cases . . . [f]rom an order, decision, or judgment setting aside or dismissing any . . . accusation . . . or any count thereof." Because the State's appeal is authorized, Shabazz's motion to dismiss the appeal is denied. *State v. Swint,* 284 Ga. App. 343 (1) (643 SE2d 840) (2007) ("when the ruling of the trial court is in substance a dismissal of the

---

[1] *State v. Williams,* 246 Ga. 788, 788-789 (1) (272 SE2d 725) (1980); *State v. Lawrence,* 208 Ga. App. 588, 589 (431 SE2d 409) (1993).

indictment, the State may appeal an order dismissing an indictment under OCGA § 5-7-1 (a) (1), even if the order is entered during the course of the trial") (citation and punctuation omitted).

2. The State contends that, because Shabazz filed her demurrer more than ten days after she waived arraignment, the trial court erred in considering Shabazz's demurrer on the merits. Under OCGA § 17-7-110, all pretrial motions, including demurrers, must be filed within ten days after arraignment or, as in this case, waiver of arraignment. *Palmer v. State*, 282 Ga. 466, 468 (651 SE2d 86) (2007); *Dingler v. State*, 281 Ga. App. 721, 723 (2) (637 SE2d 120) (2006). "If, however, the indictment or accusation is so defective that judgment upon it would be arrested, attention may be called to this defect at any time during the trial, and it may be quashed on oral motion." *Pullen v. State*, 199 Ga. App. 881 (406 SE2d 283) (1991). An accusation is so defective that judgment upon it would be arrested where the accusation charges no offense. Id.; *Hilliard v. State*, 87 Ga. App. 769, 773-774 (75 SE2d 173) (1953). Because Shabazz argued that the accusation in this case failed to charge any offense, the trial court did not err in considering Shabazz's demurrer on the merits.

3. The State contends that the accusation was not fatally defective in failing to charge violations of OCGA §§ 40-6-20 and 40-6-71 and, therefore, that the trial court erred in sustaining Shabazz's demurrer. We agree.

"It is an elementary rule of criminal procedure that an indictment should contain a complete description of the offense charged, and that there can be no conviction unless every essential element thereof is both alleged in the indictment and proved by the evidence." (Citation and punctuation omitted.) *State v. Howell*, 194 Ga. App. 594 (391 SE2d 415) (1990). We have held, however, that where an accusation charges the accused with having committed certain acts "in violation of" a specified penal statute the accusation incorporates the terms of the referenced Code section. Id. at 594-595. Because an accused cannot admit an allegation that her acts were "in violation of" a specified Code section and yet not be guilty of the offense set out in that Code section, such an accusation is not fatally defective. Id. Consequently, an accusation that charges an accused with having committed certain acts in violation of a specified penal statute will withstand a demurrer, despite the omission of an essential element of the charged offense. Id. at 595.

As amended, the accusation in this case reads as follows:

On behalf of the people of the State of Georgia, [the solicitor-general for DeKalb County] does hereby charge and accuse Yasmin Shabazz with the offense of failure to yield right of way on March 07, 2007, to a vehicle driven by

Willie J. Morris when the accused was intending to turn left within the intersection of South Hairston Road and Woodway Drive which was regulated by traffic lights and the other vehicle was so close to the intersection as to constitute an immediate hazard in violation of OCGA §[§] 40-6-20 and 40-6-71.

OCGA § 40-6-71 provides that

[t]he driver of a vehicle intending to turn to the left within an intersection or into an alley, private road, or driveway shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard.

Although the accusation did not specify that Morris' vehicle had been approaching from the opposite direction, the accusation was not defective because it incorporated the Code section. Accordingly, the trial court erred in sustaining Shabazz's demurrer regarding the charge based on OCGA § 40-6-71. *State v. Howell*, 194 Ga. App. at 595.

OCGA § 40-6-20 provides that it shall be a misdemeanor for

[t]he driver of any vehicle [to fail to] obey the instructions of an official traffic-control device applicable thereto, placed in accordance with [the Uniform Rules of the Road], unless otherwise directed by a police officer, subject to the exceptions granted the driver of an authorized emergency vehicle in this chapter.

Although the accusation in this case failed to put Shabazz on notice of what instruction of a traffic control device (e.g., steady yellow, flashing red, etc.[2]) the State alleged she had failed to obey, Shabazz could not admit that she "fail[ed] to yield right of way . . . to a vehicle . . . when [she] was intending to turn left within the [specified] intersection . . . which was regulated by traffic lights . . . in violation of OCGA § 40-6-20" without admitting to the offense of failure to obey a traffic control device. *State v. Howell*, 194 Ga. App. at 595.

*Judgment reversed. Blackburn, P. J., and Miller, J., concur.*

DECIDED JUNE 3, 2008.

---

[2] See OCGA §§ 40-6-21 (meaning of traffic signal indications); 40-6-23 (meaning of flashing red and yellow signals); 40-6-24 (lane direction control signals).

*Robert D. James, Jr.*, Solicitor-General, *Matthew Ciccarelli, Assistant Solicitor-General*, for appellant.

*Marco A. Corales, Jason H. Ingraham*, for appellee.