A08A2025. THE STATE v. KING.
(674 SE2d 396)

DOYLE, Judge.

Jonathan King was charged with driving under the influence of alcohol to the extent that it was less safe to do so ("DUI less safe")[1] and driving with an unlawful alcohol concentration ("DUI per se").[2] During the trial, the State Court of Fulton County granted King's oral motion for general demurrer as to the DUI per se count. The State appeals, contending that the trial court erred in concluding that the accusation was fatally defective because the State failed to include therein essential words from the relevant statute. We agree and reverse.

It is well settled that a charging instrument "should contain a complete description of the offense charged, and that there can be no conviction unless every essential element thereof is both alleged in the indictment and proved by the evidence."[3] However,

> where an accusation charges the accused with having committed certain acts "in violation of" a specified penal statute[,] the accusation incorporates the terms of the referenced Code section. *Because an accused cannot admit an allegation that her acts were "in violation of" a specified Code section and yet not be guilty of the offense set out in that Code section, such an accusation is not fatally defective.*[4]

Thus, an accusation will survive a general demurrer if it charges an accused with having committed certain acts in violation of a specific

---

[1] OCGA § 40-6-391 (a) (1).

[2] OCGA § 40-6-391 (a) (5).

[3] (Punctuation omitted.) *State v. Shabazz*, 291 Ga. App. 751, 752 (3) (662 SE2d 828) (2008).

[4] (Citation omitted; emphasis supplied.) Id.

criminal statute, notwithstanding the omission of an essential element of the crime.[5]

Here, the DUI per se accusation alleges that King "was in actual physical control of a moving vehicle on Piedmont Road with an alcohol concentration of 0.08 grams or more within three hours after being in actual physical control ended [sic], in violation of OCGA § 40-6-391. . . ." OCGA § 40-6-391 (a) (5) provides that

> [a] person shall not drive or be in actual physical control of any moving vehicle while . . . [t]he person's alcohol concentration is 0.08 grams or more at any time within three hours after such driving or being in actual physical control *from alcohol consumed before such driving or being in actual physical control ended.*[6]

Although the accusation did not specifically allege that King's alcohol concentration resulted from alcohol consumed before his driving ended, the accusation was not defective because it alleged that King violated OCGA § 40-6-391 and it was titled "Driving Under the Influence of Alcohol (Per Se)."[7] Thus, there could be no confusion over the crime King was charged with.[8] Under these circumstances, the trial court erred in sustaining King's general demurrer regarding the DUI per se charge.[9]

King's motion to dismiss the appeal as untimely is denied.

*Judgment reversed. Andrews, P. J., and Bernes, J., concur.*

DECIDED MARCH 2, 2009.

*Carmen D. Smith, Solicitor-General, Jeffrey L. Younger, R. Leon Benham, Assistant Solicitors-General*, for appellant.

*Richard T. Ryczek, Jr.*, for appellee.

---

[5] See id.

[6] (Emphasis supplied.)

[7] See *Slinkard v. State*, 259 Ga. App. 755, 757-758 (1) (c) (577 SE2d 825) (2003).

[8] See id.

[9] See OCGA § 17-7-71 (c) (providing that an accusation is sufficient either when it tracks the statutory language or when it is worded "so plainly that the nature of the offense charged may be easily understood" by the factfinder); *Shabazz*, 291 Ga. App. at 753 (3); *State v. Howell*, 194 Ga. App. 594, 595 (391 SE2d 415) (1990).