**SECOND DIVISION
ANDREWS, P. J.,
MILLER, P. J., and BRANCH, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 5, 2016**

# In the Court of Appeals of Georgia

A15A1855. JACKSON v. THE STATE.

MILLER, Presiding Judge.

Following a jury trial, Prentiss Ashon Jackson was convicted of failing to register as a sex offender in violation of OCGA § 42-1-12. Jackson appeals from the denial of his motion for new trial, contending that the trial court erred in denying his general demurrer to the indictment. Jackson also contends that the evidence was insufficient to support his convictions, and the trial court erred in denying his motion for a directed verdict. For the reasons that follow, we affirm.

Viewed in the light most favorable to Jackson's conviction,[1] the evidence shows that on June 2, 2004, Jackson entered a negotiated guilty plea to one count of statutory rape. As required by his conviction, Jackson registered with the sexual

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

offender registry, and listed an address in Warner Robins, which is located in Houston County.

Jackson was aware that he was not allowed to move from his registered address without registering his new address within 72 hours. After June 2011, however, Houston County officers were unable to make contact with Jackson at the Warner Robins address. A subsequent investigation revealed that Jackson had moved out of his registered address and was living with his girlfriend in Macon, which is located in Bibb County.[2] During a preliminary hearing, Jackson admitted under oath that he changed his residence and moved to Macon because his registered address had no electricity or water. Jackson, however, did not register the Macon address, or any other address, with the sex offender registry, before he was arrested at the Macon address in January 2012.

1. Jackson contends that the trial court erred in overruling his general demurrer to the indictment. We discern no error.

Under OCGA § 17-7-110, all pretrial motions, including demurrers, must be filed within ten days after arraignment. *Palmer v. State*, 282 Ga. 466, 468 (651 SE2d 86) (2007). Where the indictment is so defective that judgment upon it would be

---

[2] See http://georgia.gov/municipality-list.

2

arrested, the accused may call attention to this defect at any time during trial, and the indictment may be quashed on oral motion. *State v. Shabazz*, 291 Ga. App. 751, 752 (2) (662 SE2d 828) (2008).

Here, Jackson orally raised his general demurrer at the close of the State's case, arguing that the indictment was defective because it failed to alleged that he was actually a sex offender who was required to register. Even assuming that Jackson's oral demurrer was timely raised, he cannot show that the trial court erred in denying his demurrer because the indictment was not fatally defective.

Jackson's indictment charged him with violating a specific penal statute – OCGA § 42-1-12 – and incorporated the terms of that Code section.[3] OCGA § 42-1-12 pertinently provides that registered sexual offenders shall

---

[3] Specifically, Jackson's indictment alleged as follows:

COUNT I
FAILURE TO REGISTER AS A SEX OFFENDER

for that the said accused, in the State of Georgia and County of Houston, on or about September 15, 2011, did fail to register his change of address with the Houston County Sheriff's Office within 72 hours of the change as required under OCGA § 42-1-12[.]

3

[u]pdate the required registration information with the sheriff of the county in which the sexual offender resides within 72 hours of any change to the required registration information . . . [.] If the information is the sexual offender's new address, the sexual offender shall give the information regarding the sexual offender's new address to the sheriff of the county in which the sexual offender last registered within 72 hours prior to any change of address[.]

OCGA § 42-1-12 (f) (5). Jackson could not admit that his acts violated OCGA § 42-1-12, i.e., that he failed to register as a sex offender, and still be innocent of the charged offense.[4] See *Dixson v. State*, 313 Ga. App. 379, 383 (2) (721 SE2d 555) (2011). Consequently, the indictment was not fatally defective and the trial court properly denied Jackson's general demurrer. Id.

2. Jackson contends that the evidence was insufficient to support his conviction and the trial court erred in denying his motion for a directed verdict. We disagree.

The evidence as set forth above was sufficient to support Jackson's conviction for failing to register as a sex offender. See *Bryson v. State*, 282 Ga. App. 36, 39-40

---

[4] Without citing to any authority, Jackson also argues that his indictment failed to properly allege venue. Contrary to Jackson's contention, his indictment specifically alleged that the crime occurred in Houston County. Moreover, the character of the place, i.e., Houston County, was not an essential element of the charged offense. See OCGA § 42-1-12 (2012)); see also *Grace v. State*, 295 Ga. 657, 659 (2) (b) (763 SE2d 461) (2014). Accordingly, Jackson's indictment properly alleged venue.

(1) (c) (638 SE2d 181) (2006) (evidence that defendant fled the state and failed to notify county authorities that he changed his residence was sufficient to support his conviction for failure to register as a sex offender); *State v. Canup*, 300 Ga. App. 678, 681-682 (2) (686 SE2d 275) (2009) (evidence that defendant had been living at a new address for two weeks without notifying local authorities as required was sufficient to support his conviction for violating OCGA § 42-1-12). Because the evidence supported Jackson's conviction, the trial court properly denied his motion for a directed verdict. *Bryson*, supra, 282 Ga. App. at 39 (1) (c) (standard of review for denial of motion for direct verdict is sufficiency of the evidence to support a conviction). Accordingly, we affirm.

*Judgment affirmed. Andrews, P. J., and Branch, J., concur*.

5