301 Ga. 137
FINAL COPY

S16G0888.  JACKSON v. THE STATE.

BENHAM, Justice.

In 2004, appellant Prentiss Ashon Jackson entered a negotiated guilty plea to one count of statutory rape, registered with the sexual offender registry, and listed an address in Houston County.  He was made aware of the requirement to update his registration information within 72 hours prior to any change of address.  Nevertheless, in 2011, he moved to Bibb County without registering his new address within the required period of time.  He was indicted, and the caption of the one-count indictment read:  "Failure to register as a sex offender."  The body of the count read as follows:

> for that the said accused, in the State of Georgia and County of Houston, on or about September 15, 2011, did fail to register his change of address with the Houston County Sheriff's Office within 72 hours of the change as required under OCGA § 42-1-12, contrary to the laws of said State, the good order, peace and dignity thereof.

During trial, Jackson made an oral general demurrer to the indictment, which the trial court denied.  Jackson was convicted by a jury and sentenced to 30

years, serving six years in prison without the possibility of parole and serving the remaining 24 years on probation. Jackson appealed and challenged, among other things, the sufficiency of the indictment against him. The Court of Appeals held the indictment was not fatally defective and affirmed his conviction. See *Jackson v. State*, 335 Ga. App. 597, 598-599 (1) (782 SE2d 499) (2016). This Court granted Jackson's petition for certiorari to examine whether the Court of Appeals erred in finding that the indictment was not fatally defective.

1. *The standard applied by the Court of Appeals*

In order to determine the sufficiency of the indictment in this case, we start with an examination of the statute referenced in it.[1] We note that OCGA § 42-1-12 encompasses numerous subparts, and even at the time of appellant's allegedly illegal actions in 2011, the whole of the statute covered fourteen pages of Volume 29A of the Official Code of Georgia Annotated. Among

---

[1] We also begin by noting the distinction between a general demurrer and a special demurrer. A defendant may challenge the sufficiency of the substance of an indictment by making a general demurrer, thereby asserting the indictment is fatally defective and cannot support a conviction. A defendant may challenge the sufficiency of the form of an indictment by filing a special demurrer, asserting that the charge is imperfect as to form or that he or she is entitled to more information about the charged offense. See *Kimbrough v. State*, 300 Ga. 878 (799 SE2d 229) (2017).

other things, OCGA § 42-1-12 requires, as it did in 2011,[2] a person convicted of certain sexual offenses to register his or her residence address with an "appropriate official," as that term is defined in the statute. OCGA § 42-1-12 (a) (2) and (f) (1). The provision requiring a convicted and registered sexual offender to update the offender's registration information regarding a change of address is found at subsection (f) (5). It provides as follows:

> (f) Any sexual offender required to register under this Code section shall:
>
> …
>
> (5) Update the required registration information with the sheriff of the county in which the sexual offender resides within 72 hours of any change to the required registration information, other than where he or she resides or sleeps if such person is homeless. If the information is the sexual offender's new address, the sexual offender shall give the information regarding the sexual offender's new address to the sheriff of the county in which the sexual offender last registered within 72 hours prior to any change of address and to the sheriff of the county to which the sexual offender is moving within 72 hours prior to establishing such new address. If the sexual offender is homeless and the information is the sexual offender's new sleeping location, within 72 hours of changing sleeping locations, the sexual offender shall give the information regarding the sexual offender's new sleeping location to the sheriff of the county in which the sexual offender last registered, and if the county has changed, to the sheriff of the county to which the sexual offender has moved[.]

---

[2] See Ga. L. 2010, p. 168, §§ 5-11/HB571.

Subsection (n) of the statute makes it a felony to fail to comply with the requirements of the Code section.

The Court of Appeals based its holding that the indictment against appellant was not fatally defective on two conclusions: first, that the indictment charged appellant with violating a specific penal statute, OCGA § 42-1-12, and incorporated the terms of that Code section; and second, that appellant "could not admit his acts violated OCGA § 42-1-12, i.e., that he failed to register as a sex offender, and still be innocent of the charged offense." *Jackson*, supra, 335 Ga. App. at 599. The problem with this reasoning is that the indictment referenced the entire multi-part, 14-page Code section, which includes numerous requirements with which a convicted sexual offender must comply. In fact, the indictment did not set out or incorporate that portion of the language of subsection (f) (5) quoted in the Court of Appeals opinion. The indictment merely asserted that appellant failed to register a change of address with the Houston County sheriff's office within 72 hours of that change of address as required by OCGA § 42-1-12. But even subsection (f) (5), which sets out the steps that must be followed to update a sexual offender's registration information, contains multiple requirements. If the change of address is within the county in which the offender already is registered, the

4

updated information must be provided within 72 hours prior to establishing the new address to the sheriff of that county.  See OCGA § 42-1-12 (f) (5).  If the change of address involves a move to another county, the updated information must be given within the allotted time not only to the sheriff of the county in which the offender last registered but also to the sheriff of the county to which the offender is moving.  Id.

In support of its holding, the Court of Appeals relied upon its earlier opinions for the proposition that "[b]ecause an accused cannot admit an allegation that [his or] her acts were 'in violation of' a specified Code section and yet not be guilty of the offense set out in that Code section, such an accusation [or indictment] is not fatally defective."  (Citation and punctuation omitted.)  *Dixson v. State*, 313 Ga. App. 379, 383 (2) (721 SE2d 555) (2011) (physical precedent only) (quoting *State v. Shabazz*, 291 Ga. App. 751, 752 (3) (662 SE2d 828) (2008)).  But as then-Court of Appeals Judge Blackwell cautioned in his special concurrence in *Dixon*,[3] the adoption of an "in violation of" standard for determining the sufficiency of an indictment that alleges the accused is in violation of a named statute, but does not allege things that are

[3] Id. at 387.

5

essential elements of a violation of the statute, is at odds with this Court's holding in *Henderson v. Hames*.[4] In *Hames*, this Court restated the longstanding principle that "[a]n indictment is void to the extent that it fails to allege all the essential elements of the crime or crimes charged." Id. at 538. That principle is founded upon the constitutional guaranty of due process. Id. "[D]ue process of law requires that the indictment on which a defendant is convicted contain all the essential elements of the crime." *Borders v. State*, 270 Ga. 804, 806 (1) (514 SE2d 14) (1999). See also *Stinson v. State*, 279 Ga. 177 (2) (611 SE2d 52) (2005). While *Hames* focused on intent as an essential element of a crime that must be alleged in an indictment, the principle applies also to the acts or omissions that must be alleged for an indictment to be valid.

Indeed, if the allegation that a statute has been violated were the only essential element required to be set forth in an indictment, and the only test to be applied for judging whether the indictment is fatally defective were whether an accused could admit violation of the statute and yet be not guilty of the alleged offense, all that would be required of an indictment is that it accuse the defendant of being in violation of the referenced statute. But this is not enough.

---

[4] 287 Ga. 534 (697 SE2d 798) (2010).

6

As authority for its assertion that the indictment in this case is not deficient, the State relies upon the Court of Appeals' opinion in *Shabazz v. State*[5] and its progeny. In *Shabazz*, the Court of Appeals stated that so long as an indictment charges that the accused's acts violated a specified penal statute, it will withstand a challenge that it is defective "despite the omission of an essential element of the charged offense." Id. at 752 (3). But the Court of Appeals in *Shabazz* (and in *State v. Howell*,[6] cited in *Shabazz*) deviated from its earlier opinions on the subject, which held that indictments or accusations must allege all essential elements of the crime charged in order to withstand a challenge to the legality of the indictment. See, e.g., *Ponder v. State*, 121 Ga. App. 788, 789 (175 SE2d 55) (1970); *Hilliard v. State*, 87 Ga. App. 769, 771-772 (75 SE2d 173) (1953); and *Rambo v. State*, 25 Ga. App. 390 (103 SE 494) (1920), each of which was cited as authority in *State v. Howell*, supra.[7] Withstanding such a challenge requires more than simply alleging the accused violated a

---

[5] Supra, 291 Ga. App. at 752-753 (3).

[6] 194 Ga. App. 594 (391 SE2d 415) (1990).

[7] In fact, even after its decision in *Shabazz*, the Court of Appeals has applied the proper standard for determining whether an indictment is sufficient to withstand a general demurrer, and looked to whether the indictment alleged sufficient facts, which if true, would charge the accused with a crime. See *State v. Wright*, 333 Ga. App. 124, 125 (775 SE2d 567) (2015).

7

certain statute.   Accordingly, *Howell* and *Shabazz* are overruled, along with later opinions relying on these two cases, to the extent they hold that an indictment alleging merely that the accused's acts were in violation of a specified criminal Code section is not defective.[8]

Further, such an indictment would not provide the accused with due process of law in that it would not notify the accused of what factual allegations he must defend in court.  See *Hill v. Williams*, 296 Ga. 753, 758 (770 SE2d 800) (2015) ("[D]ue process requires that an indictment 'put the defendant on notice of the crimes with which he is charged and against which he must defend.' [Cit.]").  Nor would it establish what facts the grand jury considered when it determined probable cause existed to charge the accused with a crime. "Unless every essential element of a crime is stated in an indictment, it is impossible to ensure that the grand jury found probable cause to indict." *Smith v. Hardrick*, 266 Ga. 54, 55 (1) (464 SE2d 198) (1995).  An indictment that alleges the accused violated a certain statute, without more, would simply state a legal conclusion regarding guilt, and not an allegation of facts from which the grand jury determined probable cause of guilt was shown.  Likewise, it

---

[8]  See, e.g., *Dixson v. State*, supra; *State v. King*, 296 Ga. App. 353, 353-354 (674 SE2d 396) (2009).

would not allege sufficient facts from which a trial jury could determine guilt if those facts are shown at trial. A valid indictment "[uses] the language of the statute, includ[ing] the essential elements of the offense, and [is] sufficiently definite to advise [the accused] of what he must be prepared to confront." *Davis v. State*, 272 Ga. 818, 819 (1) (537 SE2d 327) (2000).[9]

In sum, to withstand a general demurrer, an indictment must: (1) recite the language of the statute that sets out all the elements of the offense charged, or (2) allege the facts necessary to establish violation of a criminal statute. If either of these requisites is met, then the accused cannot admit the allegations of the indictment and yet be not guilty of the crime charged. In this case, however, neither of these methods for creating a legally sufficient indictment was followed.

2. *The sufficiency of the indictment in this case*

---

[9] Another purpose of an indictment, in addition to allowing the defendant to prepare an intelligent defense, is to protect the defendant from double jeopardy in the event other proceedings are brought against him arising from the same transaction. See *State v. Grube*, 293 Ga. 257, 258 (2) (744 SE2d 1) (2013); *State v. Eubanks*, 239 Ga. 483, 484-485 (238 SE2d 38) (1977), superseded on other grounds by statute as noted in *Palmer v. State*, 282 Ga. 466, 467 (651 SE2d 86) (2007). Again, the indictment in this case is deficient because it is unclear whether appellant is being accused of failing to register a change of address within Houston County or outside the county, either of which would be a crime under the cited Code section.

The indictment in this case is based upon several assumptions of fact not set forth in the indictment. The caption of the indictment seems to imply that appellant is a convicted sexual offender who was required to register his address. Nevertheless, while the indictment does reference a change of address and that defendant was required to register it with the Houston County sheriff's office, it does not assert that appellant previously was registered there as a sexual offender and has now established a new address within Houston County, or that appellant has moved from Houston County to an address in another county, or that he has moved to Houston County from an address in another county where he was previously registered. In other words, the indictment does not inform the accused of what alleged action or inaction would constitute a violation of even subsection (f) (5) of the Code section, which subsection was not even referenced in the indictment. Nor does it inform the parties what facts the grand jury considered in arriving at its conclusion that probable cause was shown that the accused committed a specific crime.

Moreover, the offense denominated in the indictment is "failure to register as a sex offender" and the Court of Appeals concluded appellant could not admit he violated the referenced Code section "and still be innocent of the charged offense." But this simply illustrates the problem with the indictment

10

in this case, since failure to register is not the offense for which appellant was tried. The record reflects that appellant properly registered his original address after his guilty plea conviction; he did not fail to register as required by OCGA § 42-1-12. The evidence presented at trial related to appellant's *failure to update* his required registration information with a change of address, not an initial failure to register as a sexual offender.

Although the indictment in this case cited the statute appellant was accused of violating (OCGA § 42-1-12), and it referenced some of the language of that statute, it did not recite a sufficient portion of the statute to set out all the elements of the offense for which he was tried and convicted. Likewise, the indictment did not allege all the facts necessary to establish a violation of OCGA § 42-1-12 (f) (5).

The case of *Relaford v. State*[10] provides a good example of a legally adequate indictment in a case in which the appellant, a registered sexual offender, was accused and convicted of failing to report an address change when he relocated his residence within the same county in which he initially

---

[10] 306 Ga. App. 549, 550 (702 SE2d 776) (2010).

registered, an offense also covered by OCGA § 42-1-12 (f) (5).  One of the

counts of the indictment against the accused in *Relaford* read as follows:

> [O]n or about April 4, 2007, the exact date being unknown to the
> grand jurors, after having previously been convicted of Rape . . .
> on November 14, 2000, which conviction required [him] to
> register as a sexual offender in the county in which he resided, [the
> accused] did change his Chatham County residence from [stated
> address], Savannah, Chatham County, Georgia and did fail to
> notify the Sheriff of Chatham County of such change within 72
> hours following such change in violation of Code Section 42-1-12.

Supra, 306 Ga. App. at 550.  By contrast, the indictment in this case did not

allege appellant was a convicted sexual offender; that he was required as a

sexual offender to register his address with the sheriff of the county in which

he resides; that he had previously resided in Houston County and had registered

his address with the sheriff of that county; or that he changed his address from

one in Houston County to one in another county.  It simply alleged that

appellant failed to register his change of address with the Houston County

sheriff's office within 72 hours as required by law.  Only if additional factual

allegations had been asserted in the indictment would it be clear what acts or

omissions the grand jury had found probable cause to believe the appellant had

committed, and what acts or omissions the trial jury would be required to find,

12

beyond a reasonable doubt, that appellant had committed in order to find him guilty as charged.

We conclude the indictment in this case was not sufficient to withstand a general demurrer and was deficient and void. Consequently, appellant's conviction is reversed.

Judgment reversed. All the Justices concur.

Decided May 15, 2017.

Certiorari to the Court of Appeals of Georgia — 335 Ga. App. 597.

Walker & Walker, Russell K. Walker, Brian E. Brupbacher, for appellant.

George H. Hartwig III, District Attorney, Daniel P. Bibler, Marie R. Banks, Assistant District Attorneys, for appellee.

James C. Bonner, Jr., Brandon A. Bullard; Peters, Rubin & Sheffield, Robert G. Rubin; Law Firm of Shein & Brandenburg, Elizabeth A. Brandenburg, amici curiae.