**SECOND DIVISION**
**MILLER, P. J.,**
**ANDREWS and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**January 11, 2018**

# In the Court of Appeals of Georgia

A15A1855. JACKSON v. THE STATE.

MILLER, Presiding Judge.

In *Jackson v. State*, 335 Ga. App. 597 (782 SE2d 499) (2016), this Court (1) held that the trial court properly denied Jackson's general demurrer; and (2) affirmed Jackson's conviction because it was supported by the evidence. In *Jackson v. State*, 301 Ga. 137 (800 SE2d 356) (2017), the Supreme Court of Georgia reversed this Court's decision and found that the indictment was not sufficient to withstand a general demurrer and was therefore void. Accordingly, we vacate the prior decision, and the judgment of the Supreme Court is made the judgment of this Court.

Moreover, we recognize

[t]he general rule is that retrial of the defendant is not barred where reversal of the conviction results from trial error rather than evidentiary insufficiency. *Williams v. State*, 258 Ga. 305, 311 (369 SE2d 232)

(1988). Reversal based upon a faulty or flawed indictment is a reversal based upon "trial error." *Burks v. United States*, 437 U.S. 1, 13-14 (1978).

*Samuel v. State*, 190 Ga. App. 539 (1) (379 SE2d 571) (1989). The Supreme Court's ruling solely addressed the sufficiency of the indictment, which is void. Since the Court did not reach the issue of evidentiary sufficiency, double jeopardy does not bar retrial in this case.

*Judgment reversed. Andrews and Branch, JJ., concur.*