**FIFTH DIVISION
MCFADDEN, P. J.,
BROWN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**January 12, 2023**

# In the Court of Appeals of Georgia

A23A0371. SMITH v. THE STATE.

BROWN, Judge.

Brande Smith was charged by uniform traffic citation with improper/erratic lane change in violation of OCGA § 40-6-123 (a). At the close of the evidence during her bench trial, Smith made an oral motion to quash the charge. The trial court denied the motion to quash but certified its order for immediate review. We granted Smith's application for interlocutory appeal, and Smith now appeals from the trial court's order, contending that the trial court erred in denying her motion to quash the charge because the citation fails to allege the essential elements of the offense. For the reasons explained below, we agree and reverse.

Smith contends that the trial court erred in failing to quash the citation because it fails to set out all of the essential elements of the offense of improper lane change

under OCGA § 40-6-123 (a), and that she could admit all of the allegations in the citation and still be innocent of having committed any offense.

> As we have previously explained, the true test of the sufficiency of an indictment or accusation or citation is not whether it could have been made more definite and certain (or, for that matter, perfect,) but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what [she] must be prepared to meet, and in case any other proceedings are taken against [her] for a similar offense, whether the record shows with accuracy to what extent [she] may plead a former acquittal or conviction.

(Citation and punctuation omitted.) *Strickland v. State*, 349 Ga. App. 673, 675 (2) (824 SE2d 555) (2019). "This presents a question of law that we review de novo." (Citation and punctuation omitted.) Id. As we explained in *Strickland*, the Supreme Court of Georgia has emphasized that withstanding a motion to quash "requires more than simply alleging the accused violated a certain statute." (Citation and punctuation omitted.) Id. "[A] legally sufficient indictment must either (1) recite the language of the statute that sets out all the elements of the offense charged, or (2) allege the facts necessary to establish violation of a criminal statute." (Citation and punctuation omitted.) Id.

2

The citation in this case contains a section titled "OFFENSE (Other than above)" and asks the officer to specify the name of the offense and the violated Code section, along with a section for any "REMARKS." Below these sections, a table sets forth a number of options to check under the headings Weather, Road, Traffic, Lighting, and Commercial Vehicle Information and allows the officer to fill in where the offense occurred. Within the "OFFENSE" section the officer typed in "IMPROPER/ERRATIC LANE CHANGE" and specified that Smith was in violation of "Code Section 40-6-123 (a)" in "CLAYTON" County on "RIVERDALE RD" "at/on (secondary location) E I285 RAMP."

> OCGA § 40-6-123 (a) provides:

> No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in Code Section 40-6-120 or turn a vehicle to enter a private road or driveway or otherwise turn a vehicle from a direct course or change lanes or move right or left upon a roadway unless and until such movement can be made with reasonable safety. No person shall so turn any vehicle without giving an appropriate and timely signal in the manner provided in this Code section.

As set out above, in order to survive a motion to quash, the citation must either (1) recite the language of OCGA § 40-6-123 (a) that sets out all the elements of the offense charged, or (2) allege the facts necessary to establish a violation of OCGA §

3

40-6-123 (a). *Strickland*, 349 Ga. App. at 677 (2). While the citation in this case is not exactly like the one at issue in *Strickland* in that it does not simply quote the title of the Code section, we still find the citation insufficient.

The State disagrees that the citation is insufficient, arguing that the term "erratic" is defined "as not following any plan or regular plan; that you cannot rely on; unpredictable."[1] (Emphasis omitted.) Accordingly, the State contends that the language "erratic lane change" in the citation was sufficient to put Smith on notice that she violated OCGA § 40-6-123 in that (1) it informed her that she moved from her current lane of travel into another lane of travel and (2) "erratic" indicated her action deviated from a normal or regular plan with regards to this lane change. The State further points out that when Smith changed lanes in front of the citing officer, her actions were unpredictable, unexpected, and without concern for whether the lane change could be completed safely for herself and "without regard to the safety of the surrounding traffic." Finally, the State contends that the offense requires only two elements to be communicated to the alleged offender: (1) presence of other traffic and

---

[1] Merriam-Webster defines erratic as "having no fixed course; characterized by lack of consistency, regularity, or uniformity; deviating from what is ordinary or standard."

(2) a lane change performed by the offender when such movement was not sufficiently safe to perform.

We are not persuaded by the State's arguments. First, merely stating that Smith made an "improper" lane change states a legal conclusion, not an allegation of fact. See *Strickland*, 349 Ga. App. at 679 (2) (b), citing *Jackson v. State*, 301 Ga. 137, 141 (1) (800 SE2d 356) (2017), and *Newsome v. State*, 296 Ga. App. 490, 491-492 (1) (675 SE2d 229) (2009). Second, while the phrase "erratic lane change" in the citation alleges some facts, it does not allege the facts necessary to establish a violation of OCGA § 40-6-123 because it does not contain an essential element of the offense — that Smith changed lanes without first ascertaining that such movement could be made "with reasonable safety." See OCGA § 40-6-123 (a). The State argues that when a person performs an "erratic" action, that action "cannot be considered to have been performed with any determination or consideration of safety as the language of the code requires" and that Smith did not testify at trial and therefore did not rebut any testimony of the officer's description of Smith's action. But nothing in the definition of erratic indicates that the performance of an action is taken without the consideration of safety. And whether or not Smith testified at trial and rebutted the officer has no bearing on the sufficiency of the citation. See *State v. Williams*, 306

5

Ga. 50, 53 (2) (829 SE2d 117) (2019) ("[a]s a general matter, a demurrer (whether general or special) must allege some flaw on the face of the indictment itself; a demurrer ordinarily cannot rely on extrinsic facts that are not alleged in the indictment"); *Baskin v. State*, 137 Ga. App. 840, 841 (1) (225 SE2d 77) (1976) ("[a] motion to quash an indictment is essentially the same as a demurrer thereto"). Finally, as we also noted in *Strickland*, here immediately following the blanks for the designation of the offense there is a specific blank titled "REMARKS" where the officer could set forth facts describing the offense, but nothing is written. 349 Ga. App. at 679 (2) (b).

In *Woods v. State*, 361 Ga. App. 844 (864 SE2d 194) (2021), the accusation alleged that the defendant "while operating a motor vehicle upon Hiram Sudie Road, a roadway divided into clearly marked lanes for traffic, did unlawfully fail to drive his vehicle as nearly as practicable entirely within a single traffic lane, in violation of OCGA § 40-6-48." (Punctuation omitted.) Id. at 851 (4) (b). We reversed the defendant's conviction for failure to maintain lane, concluding that the accusation was subject to a general demurrer because the accusation did not contain an essential element of the offense — that the defendant "failed to maintain his lane until he first

6

ascertained that such movement can be made with safety." (Citation and punctuation omitted.) Id. The Code section applicable in that case provided, in relevant part:

> Whenever any roadway has been divided into two or more clearly marked lanes for traffic, the following rules, in addition to all others consistent with this Code section, shall apply:
>
> (1) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety[.]

OCGA § 40-6-48.

In this case, that Smith made an erratic lane change does not necessarily mean that such maneuver was not reasonably safe within the meaning of the statute. In conclusion, we find that the citation at issue is substantively defective because it simply alleges that Smith violated a certain statute, which is insufficient to survive a motion to quash. See *Jackson*, 301 Ga. at 140 (1). Accordingly, the trial court erred in denying Smith's motion to quash the citation and we reverse that ruling.

*Judgment reversed. McFadden, P. J., and Markle, J., concur.*