**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**August 13, 2014**

# In the Court of Appeals of Georgia

A14A1287. COTMAN v. THE STATE

RAY, Judge.

Tamara Cotman was charged with conspiracy to violate the Georgia Racketeer Influenced and Corrupt Organizations Act (RICO) (OCGA § 16-14-4 (c)) and with influencing witnesses (OCGA § 16-10-93) in an initial indictment. Cotman was tried and acquitted of influencing witnesses under a second indictment , and she now faces trial for the RICO conspiracy charge under the initial indictment. Cotman appeals, contending the trial court erred by denying her plea in bar and by denying her special demurrer. Finding no error, we affirm.

> The appellate standard of review of a grant or denial of a double jeopardy plea in bar is whether, after reviewing the trial court's oral and written rulings as a whole, the trial court's findings support its conclusion. But where the evidence is uncontroverted and no question

regarding the credibility of witnesses is presented, we review de novo the trial court's application of the law to undisputed facts.

(Citations and punctuation omitted.) *Garrett v. State*, 306 Ga. App. 429, 429 (702 SE2d 470) (2010).

The State alleges that Cotman, among others, conspired to promote, reward and conceal cheating on the State Criterion Referenced Competency Test ("CRCT") to meet rigorous targets set by the superintendent of the Atlanta Public Schools ("APS"). On March 29, 2013, the Fulton County grand jury indicted Cotman on one count of conspiracy to violate RICO in Count 1 and one count of influencing witnesses in Count 4 ("the First Indictment"). Count 1 identifies 126 acts of racketeering activity and 44 overt acts in furtherance of the conspiracy. Cotman is accused of committing one of the acts of racketeering activity, consisting of influencing witnesses. She is also alleged to have taken an overt act in furtherance of the conspiracy in that she failed to report a parent's complaint that a teacher gave students answers during the Spring 2008 CRCT. As to Cotman, the influencing witnesses charge set forth in Count 4 is substantially the same as the alleged act of racketeering set forth in Paragraph C.11 of Count 1.

Cotman filed a special demurrer seeking to quash Count 4 of the First Indictment. The charge in relevant part alleges that on or about November 17, 2010, "Tamara Cotman . . . did knowingly intimidate Jimmye Hawkins, and other principals under her supervision, with the intent to hinder or delay the communication of information related to the commission of a criminal offense to . . . law enforcement[.]" Cotman argued that Count 4 of the First Indictment did not adequately inform Cotman of the facts constituting the offense because it failed to specify how she intimidated the witnesses.

On June 7, 2013, the State re-indicted Cotman solely on the influencing witnesses charge ("the Second Indictment"),[1] specifying that Cotman intimidated Hawkins by "placing her in fear of retaliation if she cooperated with any investigation and by actual demotion in position[.]"[2] That day, the State also filed a motion for nolle prosequi of the original influencing witnesses charge in Count 4 of the First

---

[1] We would like to encourage the State, when re-indicting an accused, to include all charges then pending against the accused, not simply to re-cast only those charges that are the subject of a special demurrer.

[2] The new indictment also differed from the First Indictment in that it specified a second date, February 11, 2011 (in addition to November 17, 2010), on or about which the alleged intimidation occurred.

Indictment and a motion for joinder of the two indictments.[3] Cotman objected to the motion for joinder and filed a demand for a speedy trial on the Second Indictment. Cotman was then tried separately on the Second Indictment and was acquitted of influencing witnesses.

After her acquittal for influencing witnesses under the Second Indictment, Cotman filed a plea in bar contending that she could not be tried under the First Indictment by reason of OCGA § 16-1-8 and the Double Jeopardy Clause of the Georgia and United States Constitutions. After hearing arguments from the parties, the trial court denied Cotman's plea in bar as to the RICO conspiracy count of the First Indictment,[4] finding that it was Cotman who desired to have a trial

---

[3] Although it does not appear from the record that the trial court entered an express ruling on these motions, the trial court implicitly denied the State's motion to join by later proceeding to trial on only the Second Indictment.

[4] We interpret the trial court's order as only pertaining to Count 1 of the First Indictment because the State agreed at the motion hearing that it did not oppose Cotman's plea in bar as to Count 4 of the First Indictment. Thus, neither the State nor Cotman contemplate that Cotman may be tried or convicted of the crime of influencing witnesses under Count 4 of the First Indictment. The State has also represented in this appeal that "out of an abundance of caution, the State will *nol pros* Count 4, such that there will be no possibility that Cotman will be convicted of influencing a witness in this case."

4

encompassing the single charge of influencing a witness. The trial court also denied Cotman's demurrer to the First Indictment. Cotman appeals.

1. Cotman contends that the trial court erred in denying her plea in bar. Specifically, she argues that, under OCGA § 16-1-8 (b), the RICO conspiracy and the influencing witnesses charges should have been tried together since the charges involved the same conduct and the State knew of both the RICO conspiracy and influencing witnesses charges at the time of trial, and that having two separate trials results in double jeopardy. We disagree.

OCGA § 16-1-8 (b) provides in relevant part that:

[P]rosecution is barred if the accused was formerly prosecuted for a different crime . . . if such former prosecution . . . [r]esulted in . . . an acquittal and the subsequent prosecution [i] is for a crime of which the accused could have been convicted on the former prosecution, [ii] is for a crime with which the accused should have been charged on the former prosecution (unless the court ordered a separate trial of such charge), or [iii] is for a crime which involves the same conduct, unless each prosecution requires proof of a fact not required on the other prosecution[.]

Pertinent to whether a crime "should have been charged on the former prosecution" for purposes of OCGA § 16-1-8 (b), OCGA § 16-1-7 (b) provides that "[i]f the

several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution . . . ." See *Prater v. State*, 273 Ga. 477, 481 (4) (545 SE2d 864) (2001) ("Offenses arising from the same conduct, within the jurisdiction of a single court, must be prosecuted in a single action") (punctuation omitted). OCGA § 16-1-8 (b) "embraces the concept of res judicata and is not constitutional double jeopardy, but is protection against subsequent prosecution where the defendant could have been, and under . . . OCGA § 16-1-7 (b), should have been prosecuted on a former prosecution." (Citation omitted.) *McCannon v. State*, 252 Ga. 515, 517 (315 SE2d 413) (1984).[5]

In this case, however, and pretermitting whether OCGA § 16-1-8 (b) might otherwise bar a prosecution under the First Indictment, Cotman faces subsequent prosecution because she chose to have the two indictments tried separately. The State wanted the indictments tried together, as indicated by the filing of its motion to join them. It was Cotman who pursued a speedy trial on the Second Indictment only and

---

[5] Cotman does not argue substantive double jeopardy for purposes of the appeal. "The question of multiple punishments (as opposed to multiple prosecutions) for the same criminal conduct is addressed under the rubric of substantive double jeopardy." (Citation omitted.) *Smith v. State*, 290 Ga. 768, 772 (3) (723 SE2d 915) (2012).

6

objected to joinder, thereby indicating her desire to have the two indictments tried separately.

Although Cotman relies primarily on the protections afforded her by the Georgia statutes, we find the federal law to be nevertheless persuasive. In *Jeffers v. United States*, 432 U. S. 137, 152 (II) (B) (97 SCt 2207, 53 LE2d 168) (1977), the United States Supreme Court found that even where a defendant is normally entitled to have charges "resolved in one proceeding, there is no violation of the Double Jeopardy Clause when he elects to have the two offenses tried separately and persuades the trial court to honor his election." (Footnote omitted.) Id. See, e.g., *People v. Gill*, 59 F.3d 1010, 1014 (9th. Cir. 1995) (defendant's "election to have the two indictments tried separately deprived him of any right that he might have had against consecutive trials") (punctuation and footnote omitted); *United States v. Edmond*, 924 F.2d 261, 270 (III) (D. C. Cir. 1991) (where nothing constrained defendant to move for a severance of counts other than the hope of a tactical advantage, upon the success of the motion it was the defendant and not the government that caused him to be twice placed in jeopardy). See also *Cox v. State*, 585 So. 2d 182, 188 (I) (A) (Ala. Crim. App. 1991) (noting that double jeopardy jurisprudence "allows a second prosecution [where] the defendant's own actions

7

deprived him of the right to insist that his liability ended with the first prosecution"). Accordingly, we conclude that Cotman, having opposed the State's invitation to join the two indictments for a single trial, faces subsequent prosecution because of her own election and thereby waived the protections against subsequent prosecutions afforded by OCGA § 16-1-8 (b). See generally *Holcomb v. State*, 268 Ga. 100, 103 (2) (485 SE2d 192) (1997) (on appeal a party cannot complain about a ruling that she contributed to or acquiesced in by her own action, trial strategy, or conduct).

2. Cotman also contends that the trial court erred in denying her demurrer to the First Indictment because there are no factual allegations in Count 1 which sufficiently place her on notice of how she intimidated the witness.[6] Although Cotman suggests that she demurred to both Count 1 and Count 4 of the First Indictment on this ground, her "Special Demurrer-Influencing Witnesses" was a

---

[6] Cotman prefaces her argument with "[n]otwithstanding the fact that the State can not use the witness intimidation count as a predicate after [her] acquittal on that very offense . . . ." In arguing her claim of error as to the plea in bar, Cotman also suggests that the State has not conceded "that the Influencing A Witness predicate offense . . . should at a minimum be stricken[.]" As we noted above, Count 1 is a RICO conspiracy claim that includes as one of the allegations of racketeering activity that Cotman influenced witnesses. Although Cotman, through these asides, suggests that the State is collaterally estopped from establishing that she influenced witnesses for purposes of prosecuting Count 1, she does not show that the trial court has ruled on the issue. Accordingly, we express no opinion thereon.

8

motion to quash only Count 4, the influencing witnesses charge, and not Count 1, the RICO conspiracy charge. As the State did not oppose Cotman's plea in bar as to Count 4, her claim that the trial court erred in denying her demurrer to the First Indictment is moot.[7]

*Judgment affirmed. Andrews, P. J., and McFadden, J., concur.*

---

[7] Cotman's motions to amend her appellant's brief are denied.