**FOURTH DIVISION**
**MERCIER, C. J.,**
**DILLARD, P. J., and LAND, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

June 10, 2025

# In the Court of Appeals of Georgia

A25A0446. LAWSON v. THE STATE.

MERCIER, Chief Judge.

Following two jury trials, David Lawson was convicted of failure to register as a sex offender and child molestation. The separate trials were for different counts of the same indictment. Lawson filed this appeal, contending that the trial court erred by denying his general demurrer as to the failure to register as a sex offender count and that he received ineffective assistance of counsel due to his counsel's failure to file a plea in bar for the child molestation count. For the following reasons, we agree on the failure to register as a sex offender charge and reverse, but we affirm the trial court on Lawson's child molestation conviction.

As an initial matter, we must discuss the confusing procedural history of this appeal to proceed in our review. In 2019, the State indicted Lawson for failure to register as a sex offender and child molestation. In 2020, the State re-indicted Lawson with the same offenses. On March 2, 2020, the trial court transferred all documents from the 2019 indictment to the 2020 indictment.

Thereafter, Lawson received a notice that trial would begin on the 2020 indictment on September 27, 2021, and he filed a motion to sever the offenses in the 2020 indictment, which the trial court granted on September 14, 2021. On the first day of trial, September 27, 2021, the parties proceeded through voir dire. On the second day, the State announced that it was proceeding to trial with the 2019 indictment, and that the 2019 indictment was redacted to only include the failure to register as a sex offender charge. The State requested the trial court allow it to proceed under the 2019 indictment because the 2020 indictment contained an incorrect date, whereas the 2019 indictment contained the correct date. Lawson's counsel objected to using the older indictment and argued that she had prepared to move forward with Lawson's defense to the 2020 indictment and not the 2019 indictment. However, the trial court overruled Lawson and allowed the State to

proceed under the 2019 indictment. While Lawson objected to the use of the 2019 indictment, he did not object to the 2019 indictment being redacted to only contain the failure to register as a sex offender charge.

Prior to the first witness, Lawson made a general demurrer for the failure to register as a sexual offender count, which the trial court denied. Lawson was subsequently convicted of failure to register as a sex offender. On October 4, 2021, the State filed a motion to nolle prosequi the 2020 indictment, to which the trial court consented.

Approximately four months later, the State proceeded with trial against Lawson for child molestation, the second count of the 2019 indictment, which also resulted in a conviction. Lawson filed motions for new trial for both convictions, and the trial court denied the motions.

1. Lawson argues that the trial court erred by denying his general demurrer as to the first count of the 2019 indictment.

> To assess the merits of a general demurrer, which challenges the sufficiency of the substance of the indictment, a court asks whether the defendant can admit each and every fact alleged in the indictment and still be innocent of any crime. If so, the general demurrer should be sustained. But if the admission of the facts alleged would lead necessarily

to the conclusion that the accused is guilty of a crime, the indictment is sufficient to withstand a general demurrer.

*Powell v. State*, 318 Ga. 875, 880 (2) (901 SE2d 182) (2024) (citation, punctuation and emphasis omitted). Further, in Georgia, we follow "the longstanding principle that an indictment is void to the extent that it fails to allege all the essential elements of the crime or crimes charged." *Jackson v. State*, 301 Ga. 137, 139 (1) (800 SE2d 356) (2017) (citation and punctuation omitted). The principle ensures the protection of due process of law. Id. "We review a trial court's ruling on a general demurrer de novo in order to determine whether the allegations in the indictment are legally sufficient." *Powell*, 318 Ga. at 879 (2) (citation and punctuation omitted).

The first count of the 2019 indictment charged Lawson

with the offense of failure to register as a sex offender for that the said accused in the County of Murray and the State of Georgia on or about the 13th of July, 2018, did in violation of OCGA § 42-1-12 (n), commit said offense when he did, being required to register under the laws of Georgia as a sex offender, he did fail to respond directly to the sheriff, to wit: Gary Langford, Sheriff of Murray County, Georgia, where he resides, to wit: Murray County, within seventy-two hours prior to his birthday, to wit: July 13th, contrary to the laws of said State, the good

order, peace and dignity thereof. Lawson argues that because the indictment assumes, without alleging, that he was a convicted sex offender with a qualifying conviction, it omits a material element of the crime. To counter, the State argues that the inclusion of the code section, OCGA § 42-1-12 (n), "properly put [Lawson] on notice as to what he needed to defend himself against."

The cited section provides that:

(n) Any individual who:

(1) Is required to register under this Code section and who fails to comply with the requirements of this Code section;

(2) Provides false information; or

(3) Fails to respond directly to the sheriff of the county where he or she resides or sleeps within 72 hours prior to such individual's birthday

shall be guilty of a felony and shall be punished by imprisonment for not less than one nor more than 30 years; provided, however, that upon the conviction of the second offense under this subsection, the defendant shall be punished by imprisonment for not less than five nor more than 30 years.

OCGA § 42-1-12 (n). The problem with the State's reasoning is that the indictment merely referenced the portion of the code section regarding punishments for those who fail to register. The indictment did not specify that Lawson was a convicted sexual offender or that he was convicted of a sexual offense that required him to register. The portion of the code section that provides registration requirements states that:

> Registration pursuant to [OCGA § 42-1-12] shall be required by any individual who:
>
> (1) Is convicted on or after July 1, 1996, of a criminal offense against a victim who is a minor;
>
> (2) Is convicted on or after July 1, 1996, of a dangerous sexual offense;
>
> (3) Has previously been convicted of a criminal offense against a victim who is a minor and may be released from prison or placed on parole, supervised release, or probation on or after July 1, 1996;
>
> (4) Has previously been convicted of a sexually violent offense or dangerous sexual offense and may be released from prison or placed on parole, supervised release, or probation on or after July 1, 1996;

(5) Is a resident of Georgia who intends to reside in this state and who is convicted under the laws of another state or the United States, under the Uniform Code of Military Justice, or in a tribal court of a sexually violent offense, a criminal offense against a victim who is a minor on or after July 1, 1999, or a dangerous sexual offense on or after July 1, 1996;

(6) Is a nonresident who changes residence from another state or territory of the United States or any other place to Georgia who is required to register as a sexual offender under federal law, military law, tribal law, or the laws of another state or territory or who has been convicted in this state of a criminal offense against a victim who is a minor or any dangerous sexual offense;

(7) Is a nonresident sexual offender who enters this state for the purpose of employment or any other reason for a period exceeding 14 consecutive days or for an aggregate period of time exceeding 30 days during any calendar year regardless of whether such sexual offender is required to register under federal law, military law, tribal law, or the laws of another state or territory; or

(8) Is a nonresident sexual offender who enters this state for the purpose of attending school as a full-time or part-time student regardless of whether such sexual offender is required to register under federal law, military law, tribal law, or the laws of another state or territory.

OCGA § 42-1-12 (e).

"A valid indictment uses the language of the statute, including the essential elements of the offense, and is sufficiently definite to advise the accused of what he must be prepared to confront." *Jackson*, 301 Ga. at 141 (1) (citation and punctuation omitted). A material element of the crime of failure to register as a sexual offender is that the defendant had previously been convicted of a specific sexual offense. *Smart v. State*, 356 Ga. App. 60, 62-63 (846 SE2d 172) (2020) (failure to register as a sexual offender conviction reversed when State failed to prove that the defendant was convicted of the underlying sexual offense and that conviction required him to register as a sexual offender). The 2019 indictment failed to include a material element of the crime by omitting that Lawson had been convicted of a qualifying sexual offense. By citing to a multi-part subsection, Lawson was not placed "on notice of the crimes with which he is charged and against which he must defend." *Jackson*, 301 Ga. at 141 (1) (citation and punctuation omitted). The provision in the indictment that Lawson was "required to register under the laws of Georgia as a sex offender" merely "states a legal conclusion, not an allegation of fact." *Strickland v. State*, 349 Ga. App. 673, 679 (2) (b) (824 SE2d 555 (2019) ("Merely stating that [the defendant] committed the offense of 'Following too closely In Violation of Code Section 40-6-49' states a legal

conclusion, not an allegation of fact.") (punctuation omitted). Further, the citation to the statute does not save the indictment. See *Heath v. State*, 349 Ga. App. 84, 87 (2) (825 SE2d 474) (2019) ("An indictment alleging merely that the accused's acts were in violation of a specified criminal Code section is defective.") (citation and punctuation omitted); see also *Woods v. State*, 361 Ga. App. 844, 852 (4) (b) (864 SE2d 194) (2021) (accusation was subject to a general demurrer when it failed to include an essential statutory element - that the defendant failed to maintain his lane until he "first ascertained that such movement can be made with safety" – and the inclusion of the relevant code section in the indictment failed to cure the deficiency) (citation and punctuation omitted). By merely stating that Lawson was "required to register under the laws of Georgia as a sex offender," the indictment failed to include a material part of the offense – it failed to state that Lawson was a convicted sex offender.

While the 2019 indictment "seems to imply that appellant is a convicted sexual offender who was required to register his address[,]" such implication is not sufficient. *Jackson*, 301 Ga. at 141-142 (2) (indictment which stated that the defendant "did fail to register his change of address with the Houston County Sheriff's Office

within 72 hours of the change as required under OCGA § 42-1-12" was subject to a general demurrer because "it did not recite a sufficient portion of the statute to set out all the elements of the offense for which he was tried and convicted."). As the Supreme Court in *Jackson* noted, a legally adequate indictment was set forth in *Relaford v. State*, 306 Ga. App. 549 (702 SE2d 776) (2010). Id. at 142 (2). The indictment in *Relaford* read, relevantly, that the defendant "after having previously been convicted of Rape on November 14, 2000, which conviction required him to register as a sexual offender in the county in which he resided" changed his address and failed to notify the sheriff. 306 Ga. App. at 550 (punctuation omitted). In contrast, the 2019 indictment, similarly to *Jackson*, fell far short and failed to "allege [that] appellant was a convicted sexual offender[.]" Id. at 143 (2).

The State failed to allege a material element of the crime of failure to register as a sex offender by not stating that Lawson was a convicted sex offender for whom registration was required. While implied, the material element was omitted from the indictment. See *Jackson*, 301 Ga. at 141 (2). We conclude the 2019 indictment for failure to register as a sex offender was not sufficient to withstand a general demurrer

and was deficient and void. Consequently, Lawson's conviction for failure to register as a sex offender is reversed. See id. at 143 (2).

2. Lawson also argues that his trial counsel was ineffective for failing to file a plea in bar on double jeopardy grounds regarding the molestation charge. To succeed on his claim for ineffective assistance of counsel, Lawson must show that his counsel's performance was professionally deficient and that he suffered prejudice as a result. *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984).

An order severing the indictment was filed under the 2020 indictment, but no such order was entered under the 2019 indictment. However, at the first trial the prosecutor submitted a redacted indictment containing only the failure to register offense (count 1), and not the child molestation charge (count 2). Lawson did not object to the redacted indictment and the trial proceeding on only the first count. At the second trial, the State moved forward with the child molestation count from the 2019 indictment. Lawson's counsel did not file a plea in bar arguing double jeopardy.

"The Fifth Amendment to the United States Constitution guarantees criminal defendants protection against double jeopardy."[1] *Neuman v. State*, 311 Ga. 83, 86 (2)

---

[1] "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the

11

(856 SE2d 289) (2021). "The doctrine of double jeopardy has two components: the 'procedural' bar on double jeopardy, which places limitations on multiple prosecutions for crimes arising from the same conduct, and the 'substantive' bar, which protects against multiple convictions or punishments for such crimes." Id. (citation and punctuation omitted).

Here, the child molestation and the failure to register as a sex offender charges did not arise from the same conduct. In Lawson's motion to sever the offenses, he argued that "[t]he State's proof in regard to count one will be different than that presented in regard to count 2. Count [1] allegedly occurred on a date different than count 2." He went on to state that "the charged incidents are not even similar in character such that evidence of one crime would necessarily be admissible in the trial of the other crime." As the crimes did not arise from the same conduct, no procedural bar on double jeopardy occurred. See *Daniels v. State*, 355 Ga. App. 134, 137 (843 SE2d 18) (2020) (no procedural double jeopardy when the two counts of armed

land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation." U. S. Const. Amend V.

robbery occurred at different locations, on different dates and against different victims as "the State can establish each set of offenses without proving the other") (citation and punctuation omitted). Compare *Asberry v. State*, 221 Ga. App. 809, 811 (472 SE2d 562) (1996) (where multiple charges arose from the same conduct and defendant informed the court that it was improper to try the charges in separate proceedings, the trial court erred in denying his motion in autrefois convict due to procedural double jeopardy).

Similarly, Lawson's claim for substantive double jeopardy fails. The Supreme Court has made it "clear that the doctrine of substantive double jeopardy—concerned as it is with multiple *convictions* and *sentences*—does not come into play until *after* the defendant has been found guilty on multiplicitous counts." *Williams v. State*, 307 Ga. 778, 780 (1) (838 SE2d 235) (2020) (emphasis in original). Lawson was not tried on, or found guilty of, the child molestation count in the first trial. Accordingly, had his counsel filed a plea in bar for substantive double jeopardy claim prior to the second trial, it would have failed. *Hantz v. State*, 337 Ga. App. 675, 678-679 (788 SE2d 567) (2016) (failure to file a meritless plea in bar does not amount to ineffective assistance of counsel). See also *Johnson v. State*, 313 Ga. 155, 157 (3) (868 SE2d 226) (2022)

("Substantive double jeopardy law *protects a defendant from multiple punishments* when his crimes arise from the same conduct.") (emphasis supplied).

Finally, Lawson acquiesced to the charges being severed. Lawson chose to seek a severance of the charges in the 2020 indictment, arguing that he "would be prejudiced if these allegation were tried together at a single trial." "[E]ven where a defendant is normally entitled to have charges resolved in one proceeding, there is no violation of the Double Jeopardy Clause when he elects to have the two offenses tried separately and persuades the trial court to honor his election." *Cotman v. State*, 328 Ga. App. 822, 825-826 (1) (762 SE2d 824) (2014) (when the defendant pursued a severed indictment by objecting to joinder, she "faces subsequent prosecution because of her own election" and no double jeopardy occurred). Further, prior to voir dire, the trial court announced that Lawson was charged with failure to register as a sex offender. Lawson did not object to proceeding on only the first count. Then following voir dire, the State announced it would be moving forward with the redacted 2019 indictment and, again, Lawson did not object to the trial proceeding on only the first count. As Lawson acquiesced to the severed indictment, no double jeopardy occurred and he has failed to show that he received ineffective assistance of counsel. *Alexander*

14

*v. State*, 279 Ga. 683, 685 (2) (b) (620 SE2d 792) (2005) (where defendant agreed to severance no double jeopardy); *Stone v. State*, 218 Ga. App. 350, 351-352 (2) (461 SE2d 548) (1995) (defendant who consented to severance cannot later plead double jeopardy). Accordingly, we affirm the trial court's denial of Lawson's motion for new trial on his child molestation conviction.

*Judgment affirmed in part, reversed in part. Dillard, P. J., and Land, J., concur.*